## Rakie, Appellant, v. Jefferson & Clearfield Coal & Iron Co.

*Master and servant—Workmen's compensation—Computation of average daily earnings—Period of compensation — Instantaneous death—Act of June 2, 1915, P. L. 736.*

1. In computing the number of working days, for the purpose of determining the average daily earnings of a workman during the six months preceding the accident, under a rule of the compensation board providing that "days employee was prevented from working through no fault of his own" should be deducted, the days covering a period during which work was suspended on account of a dispute between the employer and its employees, together with Sundays and holidays occurring during the six months in question, should be deducted when the referee finds as a fact that the idleness of the employee during the former period "was not due to any fault of his own."

2. In case of instantaneous death of an employee by accident, the period of compensation, under the Workmen's Compensation Act of June 2, 1915, P. L. 736, does not begin until fourteen days after his death.

Argued Oct. 8, 1918. Appeal, No. 64, Oct. T., 1918, by plaintiff, from order of C. P. Indiana Co., No. 170, June T., 1917, reducing the award of compensation made by Workmen's Compensation Board in case of Mrs. Felix Rakie v. Jefferson & Clearfield Coal & Iron Co. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Reversed.

Appeal from award of Compensation Board. Before LANGHAM, P. J.

The facts are stated in the opinion of the Supreme Court.

The court sustained the appeal. Plaintiff appealed.

*Errors assigned* were in sustaining appeal from the award of the Workmen's Compensation Board and in reducing the amount awarded.

*S. J. Telford,* for appellant.

*Henry I. Wilson,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, October 23, 1918:

On September 29, 1916, while at work as an employee in defendant's mine, Charles Rakie was accidentally killed; in the six months preceding his death there were 184 calendar days, during 88 of which the mine was closed, and deceased did not work; the record contains a finding of the referee, adopted by the compensation board, that "the deceased's idleness during this period was not due to any fault of his own"; to arrive at a divisor, for the purpose of determining the average daily earnings of deceased, in order to calculate his weekly wage, so as to ascertain the compensation payable to claimant, the before-mentioned 88 days, together with Sundays and holidays occurring during the six months in question, were deducted in accord with the relevant standing rule of the board.

The first question raised involves the propriety of the rule above referred to. We have recently sustained its validity (see Jensen v. Atlantic Refining Co., 262 Pa. 374), and, on the findings of the referee, there can be no question of the rule's applicability to the present case; the learned court below erred in deciding otherwise.

The next "question involved" is correctly stated by appellant thus: "In case of the instantaneous death of an employee by accident, does the period of compensation begin with the day of his death or is it deferred to begin fourteen days thereafter"? There is room for argument as to the proper construction to be placed upon the Act of June 2, 1915, P. L. 736, in this regard; but taking into consideration all the pertinent provisions of the statute, particularly Sections 306 (clauses d and f), 307 and 311, of Article III, and Sections 410 and 422 of Article IV, we

are not convinced the court below erred in determining that the fourteen days must elapse and compensation in this case be counted from October 14, 1916.

It follows, the final order of the common pleas must be modified as to the amounts awarded, but not as to the dates from which the respective awards run; therefore it is now decreed that, in accord with the provisions of Article III, Section 307, of the Act of June 2, 1915, P. L. 736, Mrs. Felix Rakie, widow, is to receive compensation at the rate of 55% of $20, or $11, per week, payable semimonthly, for a period of 300 weeks, beginning October 14, 1916, provided she so long lives and remains unmarried, and at the end of said period of 300 weeks, compensation is awarded to the three minor children of deceased, i. e., Charles, Annie, and Mary, at the rate of 35% of $20, or $7 per week, payable semimonthly, until March 18, 1926; and from March 18, 1926, to Annie and Mary Rakie at the rate of 25% of $20, or $5 per week until November 18, 1928; and from November 16, 1928, to Mary Rakie at the rate of 15% of $20, or $3 per week, until January 16, 1931.