## Lomancik *v.* Youghiogheny & Ohio Coal Company, Appellant.

Argued April 15, 1935. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellant.

264

*Carroll Caruthers,* with him *M. J. K. Davis* and *John A. Walls,* for appellee.

OPINION BY PARKER, J., October 2, 1935:

The sole question involved in this appeal is whether the claimant presented his petition to set aside a final receipt and for review within the time prescribed by the Workmen's Compensation Law. Martin Lomancik was injured on May 24, 1927, while in the course of his employment with the defendant. An open agreement was entered into for total disability and compensation was paid for 26-1/7 weeks to November 28, 1927, when a final receipt was given. The claimant returned to work with the defendant company but was unable to continue, and on April 25, 1928, presented a petition for review. At a time set for a hearing on that petition, June 13, 1928, a supplemental agreement was entered into whereby it was agreed that the claimant should be paid additional compensation for total disability for 13-1/7 weeks, or until March 6, 1928, and a money receipt was given for this compensation. The claimant worked for the defendant company from March 6, 1928, to April 19, 1928, and from May 22, 1928, until December 3, 1929, when he was discharged on the ground that he was not "keeping his working place safe." On June 2, 1930, he secured employment with the Pittsburgh Coal Company and continued to work for that company until March 23, 1933.

On April 7, 1933, the claimant presented the petition which is now under consideration, alleging that the receipt given for the 13-1/7 weeks compensation was procured by fraud and coercion and that he was still disabled, and asked for a review of his claim. The referee and board found for the claimant for partial disability, but the board set aside the findings of fact and conclusions of law of the referee and made its own findings. Both sides accept these findings of fact. The

board also found that the last receipt which was given by the claimant was "an ordinary money receipt and not in the form of a final receipt as prescribed by the Board," and that the claimant was induced to sign the supplemental agreement by fraud, coercion, and improper conduct. On appeal to the court of common pleas, judgment was entered for the claimant.

Granting such to be the facts, the petition, under our decisions in Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731, and McKissick v. Penn Brook Coal Co., 110 Pa. Superior Ct. 444, 168 A. 691, was presented too late. The claimant was injured on May 24, 1927, and the three hundred weeks of possible payment for partial disability expired on or about March 4, 1933. In the McKissick case, supra, we said (p. 449) : "Assuming that the final receipt was founded upon a mistake of fact, as we believe it was, the petition for review was filed too late. The fact-finding body found from competent evidence that there was partial but not total disability, and the application was not presented within the period of three hundred weeks after the partial disability began." Under Barlock v. Orient C. & C. Co., 114 Pa. Superior Ct. 228, 173 A. 666, affirmed by our Supreme Court, 319 Pa. 119, 178 A. 840, and Motte v. Carnegie Coal Co. et al., 114 Pa. Superior Ct. 239, 173 A. 670, this means within three hundred weeks after the period compensation began, namely, on the seventh day after the accident. Just so in the present case the board has found that the claimant is only partially disabled and the application was not presented within the period of three hundred weeks after compensation began. While it is true that in the McKissick case there was a mistake of fact and here fraud and coercion were found, the applicable principles are identically the same. It has been repeatedly held that the phrase "at any time" as used in the first paragraph of Section 413 and in Section 434,

means at any time within the maximum periods provided for in the act, namely three hundred weeks where the disability is partial, and five hundred weeks when total.

It is therefore clear, under the facts as found by the compensation authorities, that this petition was filed too late to give them jurisdiction under any provision of the statute.

We are all of the opinion that the court below erred in entering judgment upon the award in this case.

Judgment reversed and here entered for defendant.