Dazely *v.* Luckenbach Steamship Company, Inc., Appellant.

Argued October 17, 1938.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
RHODES, JJ.

*R. P. F. Maxwell,* with him *George F. Blewett,* for appellant.

*Alexander F. Barbieri,* for appellee, was not heard.

PER CURIAM, December 20, 1938:

This is a workmen's compensation case. The claimant is the widow of William Dazely, a stevedore in the employ of the defendant, who died on March 31, 1933, as the result of an accident in the course of his employment, which occurred two days before.

Dazely's employment was not constant, but it was not a "seasonal [1] occupation" within the meaning of the Workmen's Compensation Act, (sec. 309, as amended by Act of June 26, 1919, P. L. 642).

As his work was dependent on the number of defendant's ships coming into port, there were many days when he had no work. His working days for the six

---

[1] "Seasonal—Of workers, servants: Employed only during a particular season. (1904)." Shorter Oxford Dictionary.

months prior to the accident were 87, and the wages paid him during that period amounted to $351.50. A compensation agreement was entered into, based on the ruling of this Court in *Romig v. Champion Blower & Forge Co.*, 109 Pa. Superior Ct. 78, 165 A. 758, which called for a weekly payment to the widow of $5.95, that is, 44% of a weekly wage of $13.52, which was obtained by dividing $351.50 by 26 weeks. This was duly approved by the board.

After the Supreme Court had reversed this Court in the Romig case, (315 Pa. 97, 172 A. 293), a petition for review was filed on April 11, 1936, which was dismissed on September 30, 1936. On March 10, 1937 a petition for rehearing was filed, which was granted. The referee dismissed the petition on August 23, 1937. On appeal to the board, the decision of the referee was reversed. The board decided that compensation should be computed in accordance with the ruling of the Supreme Court in the Romig case, supra, and accordingly awarded her weekly compensation of $9.78 based on a daily wage of $4.04 ($351.50 divided by 87) and a weekly wage of $22.22 ($4.04 multiplied by 5½). On appeal to the court of common pleas the order of the board was affirmed and judgment entered accordingly.

The case, in our opinion, is ruled by the decision of the Supreme Court in the Romig case (315 Pa. 97). The original agreement was entered into and approved under a mistake of law as to the amount payable and could be corrected within the term the agreement had to run.

The judgment is affirmed.