Murphy, Appellant *v.* Hudson Coal Company.

Submitted March 6, 1939.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES,
JJ.

*Armende Lesser,* for appellant.

*Rudolph S. Houck,* for appellee.

OPINION BY STADTFELD, J., April 12, 1939:

This is a workmen's compensation case involving a single question of law. The question raised is whether a petition to set aside a final receipt and for review, filed after the period of time a compensation agreement had to run, is barred by the limitations of the Workmen's Compensation Act.

The facts of the case are presented by stipulation of counsel. Edward F. Murphy, claimant, was injured on February 14, 1921, while in the employ of the Hudson Coal Company. Through a series of agreements, he was compensated for either total or partial disability

up to December 1, 1924, when the last agreement providing for payment of compensation for partial disability was terminated. On the same day, a final receipt, executed by claimant and showing a total payment of $1280.29 covering a period of 196 and 4/7 weeks for disability beginning February 14, 1921 and extending to December 1, 1924, became effective. No further payments were made and no further action was taken by the claimant until March 7, 1937, when the present petition was filed. This petition alleged that claimant had a chronic osteomyelitis of the femur and tibia, with a concomitant infection of the joint between them, and that there was more than a possibility that an amputation of the lower extremity of his right limb would be necessary. The Hudson Coal Company filed an answer denying all facts as set forth in the petition and alleging that claimant had been paid the full benefits under the Compensation Act, and that the period of limitations had run on his claim for further compensation. It was further agreed in the stipulation that a 500 weeks' period from the date of the first payment of compensation had expired on or about September 22, 1930.

Claimant's petition was dismissed by the referee. The board and the Court of Common Pleas of Lackawanna County sustained the referee's conclusion. This appeal followed.

Claimant's petition is considered as having been brought pursuant to Section 434 of the Act of June 2, 1915, P. L. 736, Art. IV, as amended by the Act of June 26, 1919, P. L. 642, Sec. 6, this section being more favorable to his claim than the second paragraph of Section 413 which requires a petition for modification, reinstatement, suspension or termination of a compensation agreement to be filed within one year after the date of the last payment of compensation.

Section 434 provides as follows: "A final receipt, given by an employe or dependent entitled to compensa-

tion under a compensation agreement or award, reciting that the disability or dependency has terminated, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board or referee designated by the board, may, at any time, set aside a final receipt, upon petition filed with the board, if it be proved that such receipt was procured by fraud, coercion, or other improper conduct of a party or is founded upon mistake of law or of fact." It has been repeatedly held that the phrase "at any time" as used in this section, means at any time within the maximum periods provided for in the Act, namely, three hundred weeks where the disability is partial, and five hundred weeks when total: *Zupicick v. P. & R. C. & I. Co.*, 108 Pa. Superior Ct. 165, 164 A. 731; *McKissick v. Penn Brook Coal Co.*, 110 Pa. Superior Ct. 444, 168 A. 691; *Lomancik v. Youghiogheny & Ohio Coal Co.*, 119 Pa. Superior Ct. 263, 180 A. 731; *Nigbrowich v. State Work. Ins. Fund*, 131 Pa. Superior Ct. 532, 200 A. 282. Hence, it is well settled that a petition to review or to set aside a final receipt must be filed within the time the agreement of compensation has to run, 300 weeks from the seventh (formerly tenth) day following the accident in cases of partial disability and 500 weeks in cases of total disability. In the instant case, claimant's petition, having been filed more than ten years after the expiration of the 300 week period and more than six years after the expiration of the 500 week period, presents itself much too late to come within the jurisdiction of the board or referee for the purpose of review.

We are, accordingly, of the opinion that the referee, the board and the court below arrived at the correct conclusion in dismissing claimant's petition.

Appeal dismissed.