Borden, Appellant, *v.* Philadelphia Rapid Transit Company.

Argued September 29, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, and RHODES, JJ.

*Hugh Roberts,* for appellant.

*George H. Detweiler,* for appellee.

OPINION BY KELLER, P. J., December 13, 1939:

The claimant, a motorman of the Philadelphia Rapid Transit Company for over twenty-seven years, was accidentally injured on November 2, 1937 while in the course of his employment. He filed a claim petition, which set forth that his wages amounted to $36.65 per week. The case was heard by a referee who awarded him the maximum compensation of $15, based on a weekly earning rate of $33.60. On appeal to the board the award was affirmed.

Defendant then appealed to the court of common pleas, which reduced the weekly award to $13.28, 65% of his calculated average weekly earnings for six months, $20.39. Claimant appealed to this court.

Mr. Clyde B. Herr, a witness called by defendant, who was manager of the defendant's southern depot, testified that claimant was on the company's "privileged list". He explained that term in this way:

"Mr. Borden was in such health and physical condition that he asked to be placed on the privileged list which we have in the depot. A certain number of men have physical reasons they are not able to work every day and they may be able to get up in the morning and not be able to come in and we allow them to stay home without any report to us at all and Mr. Borden was one of those men. He wasn't required to report each day. It was up to him."

"Q. If he did not report, was he penalized in any way?

"A. No, sir.

"Q. Was it marked against his record?

"A. No, sir.

"Q. Did it endanger his run?

"A. No, sir."

That his weekly earnings were still considered on the

basis of $33.60, is seen by the fact that he was allowed that sum during his vacation week of July 24.

This being the situation, we think the case of *Romig v. Champion Blower & Forge Co.*, 315 Pa. 97, 172 A. 293, applies and justifies the award of the referee, approved by the board. Claimant's work was in no sense seasonal. Because of his long and faithful service with the company he was allowed to report for work only on such days as he felt physically fit to work, of which he was to be the sole judge, but he was carried on the rolls as an employee, with a basic weekly wage of $33.60, and on that basis he is entitled to compensation. The case differs in that respect from *Jensen v. Atlantic Refining Co.*, 262 Pa. 374, 105 A. 545, and *Rakie v. Jefferson & Clearfield Coal and Iron Co.*, 262 Pa. 444, 105 A. 638, relied on by the court below; and it is not subject to the criticism contained in the opinion of the Court in *Rich Hill Coal Co. v. Bashore*, 334 Pa. 449, 461, 7 A, 2d 302: "A law which requires an employer to pay a disabled employee, and particularly for a long period, more than the employee earned before his disability arose, does not conform to the constitutional test of reasonableness. The most earnest advocate of Workmen's Compensation Laws never contemplated that the rate of compensation for disabled employees should be placed so high as to make idleness more remunerative than work." In any event the judgment of the court below could not stand. It was based on the average wages actually paid the defendant for the six months ending *November 6, 1937,* and thus included four days following the disabling accident. If the actual wages for the six months immediately prior to the accident be used, that is, from May 3 to October 30, inclusive, the amount paid him was $543.57, which divided by 26 is $20.91, 65% of which is $13.59. If the period be taken for the 27 weeks beginning April 26 and ending October 30, the amount paid him was $567.93, which divided by 27 gives an average of $21.03, 65% of which is $13.67.

But for the reasons abovestated, we are of opinion that claimant is entitled to his award of $15 per week.

The judgment is reversed and the record is remitted to the court below with directions to enter judgment on the award, in accordance with this opinion, making due allowance by way of credit for the sums paid on account by the defendant pending the decision of this appeal.