Opinion by
 

 Kenworthey, J.,
 

 The referee and board, on a showing of partial dependency, made an award of $10 per week for 500 weeks to the parents of an employee killed by accident in the course of his employment. The court of common pleas affirmed and this appeal followed.
 

 The contention raised in the court below and urged upon us is that since the evidence showed the contributions made by the decedent to his parents during his lifetime did not exceed $30 per month, an award in excess of that amount offends against the Constitution of Pennsylvania. In our opinion, the contention is without merit.
 

 By the Constitutional Amendment of November 2, 1915, which is Article III, Section 21, the Legislature is given the power to enact laws providing for Workmen’s Compensation and to fix “the basis of ascertainment of such compensation and the maximum and minimum limitation thereof.” The only restraint upon the exercise of this power is that the rates must be reasonable.
 
 Rich Hill Coal Company et al. v. Bashore,
 
 334 Pa. 449, 7 A. (2d) 302.
 

 The Act, which is here challenged, authorizes the pay
 
 *46
 
 ment of compensation “to the father or mother, if dependent to any extent upon the employee at the time of the accident, 25 per centum of wages, but not in excess of $10 per week.” (Act of 1937, P. L. 1552, amending Sec. 307, Workmen’s Compensation Act, further amended by Act of June 21, 1939, P. L. 520, Sec. 1, in respects not here material, 77 [P. S. 561.) , The son’s wages were $46.75 per week and the award was therefore clearly proper unless unconstitutional.
 

 Appellant relies principally on a statement in the opinion of the Supreme Court in the Rich Hill Coal Company case that “A law which requires an employer to pay a disabled employee, and particularly for a long period, more than the employee earned before his disability arose, does not conform to the constitutional test of reasonableness.” .But a reading of the opinion as a whole (see
 
 Levin v. First National Bank,
 
 277 Pa. 350, 121 A. 105), reveals that reasonableness is not dependent on the effect of the Act in an isolated case, but upon proof of its overall effect in a large number of cases. And appellant offered no evidence to support its claim of unconstitutionally.
 

 The purpose of the law is to compensate for the hypothetical contributions of the employee if he had lived. It is impossible to adopt
 
 any
 
 formula which will inexorably produce this result. And although past contributions may be competent
 
 evidence,
 
 they do not furnish an infallible yardstick. If he lived, the employee might have contributed either more or less than he had previously contributed. Recognizing the fallibility of a rule which would limit the award to the sums contributed during the employee’s lifetime, perhaps also recognizing in many cases the difficulty of proof of the exact amounts contributed, the Legislature has adopted a formula based upon the percentage of the earnings and, on the present record, we find no basis for declaring it unreasonable.
 

 Judgment is affirmed.