Opinion by
 

 Kelleb, P. J.,
 

 We are not, satisfied that the petition for rehearing
 
 *104
 
 in this case was filed too late. It was filed on January 6,1941, well within a year after the awards of compensation by the board on October 31, 1940. See section 426 of the Act of June 21, 1939, P. L. 520, 77 PS §871, reenacting and amending the Workmen’s Compensation Act of 1915, P. L. 736. The language of section 426 of the Act of 1939 aforesaid is practically identical with section 426 as amended by section 8 of the Act of April 13,1927, P. L. 186, and the decisions construing it under that act are applicable here. We held in
 
 Newancavitch v. Pittsburgh Terminal Coal Corp.
 
 131 Pa. Superior Ct. 391, 200 A. 137, that the section does not limit a rehearing by the board to cases which have been appealed to the court of common pleas; that the board upon petition of any party and upon cause shown may grant a rehearing of any petition upon which it had made an allowance or disallowance of compensation, or other order or ruling,
 
 including
 
 cases which have been appealed to the court of common pleas from said order or ruling, provided, (1) that such rehearing shall not be granted
 
 more than one yewr after the board made its order
 
 of allowance or disallowance, etc., and (2) provided also, as to orders appealed to the common pleas, that the rehearing must be granted before the court has taken final action on the appeal (p. 394). As section 426 relates to procedure, it will be applied to claims which accrued before the effective date of the Act of 1939 (July 1, 1939), as well as those accruing after it. The board, in effect, did reconsider the case to the extent of raising the wage basis used in calculating the aw!ards from $15.40, the deceased employee’s actual weekly wages, to $18.50, the minimum wage basis in death compensation cases fixed in section 307(7), by the amending Act of June 4, 1937, P. L. 1552
 
 [1]
 
 , as sug
 
 *105
 
 gested by appellants; and it accordingly increased the award to the widow to $8.14 weekly (44% of $18.50) and the award to the mother to $8.32 weekly (45% of $18.50), making total weekly payments of $16.46, or $1.06 in excess of the employee’s weekly wages of $15.40; but it refused to adopt the contention advanced by appellants that the total amount of compensation payable to the employee’s dependent wife and totally dependent mother should be $12, instead of the $16,46 awarded in the amended order. Hence this appeal.
 

 Clarence Weaver, the deceased employee, was accidentally drowned in the course of his employment on November 16, 1938. He left a widow, dependent upon him, but no children, and a totally dependent mother.
 

 Claim petitions were filed by the mother (No. 79,302) and widow (No. 80,863) on January 18, 1939 and May 19, 1939 respectively. The board, on October 31, 1940, made ,an award in favor of the widow of $6.78 weekly, being 44% of his weekly wages, $15.40, for 500 weeks, (plus $5 per week thereafter as long as she remained unmarried), and an award in favor of the mother of $6.93 weekly, 45% of $15.40, for 500 weeks. The defendant and its insurance carrier did not appeal, but subsequently filed the petition for a rehearing, with the result above stated.
 

 The awards were calculated according to the percentages of wages fixed by section 307 of the amendment to the Workmen’s Compensation Act of June 4, 1937, P. L. 1552, which was in force at the date of the employee’s accidental injury. The pertinent parts of the schedule of compensation fixed in section 307 may be summarized as follows:
 

 1. If the employee left children, but no widow entitled to compensation, award should be made to the guardian of the children, ranging from 30% of wages, not exceeding $12 per week, if he left one or two children, to 65% of wages, not exceeding $18 per week, if he left five or more children.
 

 
 *106
 
 2. If he left a widow, hut no children, 44% of wages to the widow, not exceeding $12 per week.
 

 3. To widow, if one child, 59% of wages, not exceeding $15 per week.
 

 4. To widow, if two children, 65% of wages, not exceeding $16 per week.
 

 4y2.
 
 To widow, if three or more children, 65% of wages, not exceeding $18 per week.
 

 Then comes the clause or paragraph most directly involved, the words italicized being the changes or additions made by the Act of 1937:
 

 “5. If there be neither widow, widower, nor children entitled to compensation,
 
 or if the widow, widower or children are npt receiving the maximum compensation payable under this act,
 
 then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty-five per centum of wages, but not in excess of
 
 ten
 
 dollars per week ...... And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father or mother shall be forty-five per centum of wages, but not in excess of
 
 fifteen
 
 dollars per week,
 
 but the provisions of this paragraph in connection with other provisions of this section shall not be deemed to require the payment of compensation in excess of eighteen dollars per week in any one case ”
 

 As paragraph 6 may throw some light on the matter, and was the relevant paragraph in
 
 Bucci v. Lincoln Coal Co.,
 
 140 Pa. Superior Ct. 538, 14 A. 2d 359, hereinafter referred to, we quote its material provisions also:
 

 “6. If there be neither widow, widower, children, nor dependent parent, entitled to compensation,
 
 or if the widoiv, widower, children or dependent parent are not receiving the maximum compensation payable under this act,
 
 then to the brothers and sisters
 
 until the age of eighteen,
 
 if actually dependent upon the decedent for
 
 *107
 
 support at the time of his death, fifteen per centum of wages for one brother or sister, and five per centum additional for each additional brother or sister, with a maximum of twenty-five per
 
 centum......but the provisions of this paragraph in connection with other provisions of this section shall not be deemed to require the payment of compensation in excess of eighteen dollars per week in any one case
 

 The principal question before us here — which is purely one of law — is what is meant by the words “maximum compensation,” as used in -the italicized portion of paragraph 5, section 307, above, to wit, “or if the widow ......or children are not receiving the
 
 maximum compensation
 
 payable under this act.”
 

 The
 
 maximum
 
 compensation payable under the Act for
 
 disability
 
 is eighteen dollars per week. See sections 306(a) (p. 1560) and 306(c) (p. 1563); and the
 
 maximum
 
 compensation payable under the Act to
 
 dependents of a deceased
 
 employee is likewise eighteen dollars. See section 307, supra, paragraphs 1(d), 4%, 5 and 6, pp. 1566, 1567.
 

 The appellants contend that as the maximum compensation payable to .Weaver’s widow — there being no children — was $12, the compensation payable to his mother could not exceed the difference between $12 and the amount actually awarded the widow, $8.14, or $3.86. But to bring about this result it would be necessary to construe the clause as if it read “or if the widow...... or children are not receiving the maximum compensation payable
 
 to them respectively
 
 under the Act,” thus adding the italicized words, “to them respectively,” to the clause; and annexing to it a provision limiting the award to the father or mother to the difference between the maximum compensation possibly payable to the widow (or children) of a deceased employee having the same family status as Weaver’s and the amount actually awarded the widow (or children) of their son. But the
 
 *108
 
 meaning of tlie clause or paragraph is clear and unambiguous as it is written, without the addition of any such words or the annexing of any such provision.
 

 We think it was the evident purpose of the amendments to paragraphs 5 and 6 of section 307 to extend the compensation payable to dependents so as to include parents, whether partially or totally dependent on the deceased employee, and brothers and sisters under eighteen years of. age, who were
 
 actually
 
 dependent on the deceased employee, if the compensation payable to the. widow or the children did not exhaust the maximum compensation payable under the Act, with the proviso that in no event should the awards taken together exceed $18 per week.
 

 We are further of opinion that the dependents are not all on an equality — that the widow, for herself and children, comes first, and if there be no widow (or widower), the children come first. Subject to their prior claims comes the dependent parent, not in excess of $10 per week, if partially dependent, or $15 if totally dependent, but in no event to receive an amount, which, with the preferred claim of widow or children, will exceed $18. And -finally subject to, the prior claims of widow (or widower), children or dependent parent, come brothers and sisters under eighteen years of age, who were actually dependent on the deceased employee, in the percentages above stated, but in no event to receive an amount, which, with the preferred claims of widow or children or dependent parent, will exceed $18.
 

 Only under this construction can force and effect be given to all the paragraphs of section 307 above referred to.
 

 There is, however, one limitation upon the foregoing which we feel applies to this case, in compliance with the general principle laid down by the Supreme Court in the case of
 
 Rich Hill Coal Co. v. Bashore,
 
 334 Pa. 449, 461, 7 A. 2d 302. There Mr. Justice Maxey, speaking
 
 *109
 
 for the court, said: “A law which requires an employer to pay a disabled employee, and particularly for a long period, more than the employee earned before his disability arose, does not conform to the constitutional test of reasonableness.”
 

 We think this language applies with equal, if not greater, force to compensation payable to the dependents of a deceased employee; and that it is not reasonable to require an employer, or its insurance carrier, to pay by way of compensation to the dependents of a deceased employee more than he himself would have received in wages for the support of
 
 himself and them.
 

 [2]
 

 There is nothing in the record in this case to show that the deceased employee’s average weekly wage of $15.40 was less than he ordinarily received, or had been temporarily reduced by reason of “staggered” employment,
 
 (Romig v. Champion Blower & Forge Co.,
 
 315 Pa. 97, 172 A. 293), or of sickness
 
 (Jensen v. Atlantic Refining Co.,
 
 262 Pa. 374, 105 A. 545), or because of lack of steady or reasonably constant employment
 
 (Rakie v. Jefferson
 
 &
 
 Clearfield C. & I. Co.,
 
 262 Pa. 444, 105 A. 638;
 
 Dazely v. Luckenbach S. S. Co.,
 
 133 Pa. Superior Ct. 507, 3 A. 2d 190, affirmed 336 Pa. 432, 9 A. 2d 905), or that it did not fairly represent his usual wages out of which he supported himself, his wife and his mother:
 

 Counsel for the appellees contends that the language in Mr. Justice Maxey’s opinion immediately preceding the above quoted excerpts limits its application to provisions which “in a substantial number of instances” will be found to allow compensation in excess of the wages paid the employee. Mr. Justice Maxey was there discussing the clause fixing a
 
 minimum disability compensation
 
 of $12 per week, the purpose of which was to establish a
 
 reasonable
 
 minimum compensation for disability payable to injured employees, and one which
 
 *110
 
 should not be held unconstitutional unless it was unreasonable as respects a substantial number of instances. An extreme case or two would not be a fair test of reasonableness. But the excerpt quoted is the announcement of a
 
 general principle
 
 to be applied in the consideration and interpretation of such legislation.
 

 In so far, therefore, as section 307(7) of the act as amended requires the employer or its insurance carrier to pay the dependents of the deceased employee more than he was regularly earning by way of wages, out of which he supported himself and his wife and dependent mother, it is unreasonable and ineffective to the extent that it results in awarding compensation to his dependents in excess of his weekly wages. The widow’s claim is entitled to priority and she will receive 44% of $18.50, or $8.14 weekly. The mother, whose claim is subordinate to the widow’s, will receive $7.26 weekly ($15.40 less $8.14). These payments will be made for the respective periods stated in the award. To this extent the award in favor of the deceased employee’s mother, Mrs. Diana Ware, and the judgment of the court below in her favor will be modified and reduced.
 

 What we said in
 
 Zahrobsky v. Westmoreland Coal Co.,
 
 146 Pa. Superior Ct. 44, 21 A. 2d 426, is not controlling, or conflicting, because in that case, although the award to the dependent mother slightly exceeded the amounts which were shown to have been contributed by the employee during his lifetime, it did not exceed— in fact, it was considerably less than — the amount he earned.
 

 In the case of
 
 Bucci v. Lincoln Coal Co.,
 
 supra, in which claims were presented on behalf of partially dependent parents and a sister, we reversed the award to the sister because we held it to be the duty of the parents to support their daughter, who was a member of their household at the time of the son’s accidental death and not
 
 actually
 
 dependent upon the decedent for support. We also said that the dependent parents were
 
 *111
 
 receiving the maximum amount provided by the act for partial dependency; but on further consideration, we are of opinion that the term “maximum compensation payable under the act” does not refer to the maximum provided for any particular dependent, but the maximum — that is, the largest amount — payable under the
 
 act,
 
 which is $18 per week, subject to the limitation above stated. Of course the amount awarded to any one dependent cannot exceed the percentage of wages prescribed for him or her in the act; and the amount payable to all, in the order of priority above stated, cannot exceed $18, which is the maximum amount payable under section 307, as well as section 306(a) and (c), of the act.
 

 The judgment in favor of the widow, Eloise Weaver, is affirmed.
 

 The judgment in favor of the mother, Diana Ware, will be modified in accordance with this opinion and as so modified, is affirmed.
 

 [1]
 

 “The wages upon which death compensation shall be based «hall not in any case be less than eighteen dollars and fifty cents per week.” Act of June 4, 1937, P. L. 1552, p. 1568.
 

 [2]
 

 This does not bar the fixing of a reasonable
 
 minimum, compensation.