## Mattey v. Jones & Laughlin Steel Corporation, Appellant.

Argued April 12, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*William A. Challener, Jr.,* with him *Frank McC. Painter* and *William A. Challener,* for appellant.

*Harry Alan Sherman,* with him *David Turets,* for appellee.

OPINION BY JAMES, J., July 15, 1944:

Joseph Mattey, aged about 60 years, died March 18, 1939 from injuries received on February 25, 1939, while employed by appellant. Decedent left to survive him a widow and three children under the age of 18 years.

On petition of Emma Mattey, his widow, an award of compensation, based upon decedent's weekly wage, computed under Sec. 307 of the Act of June 4, 1937, P. L. 1552, 77 PS, Sec. 542, was made by the referee and sustained by the Board. On appeal, the court of common pleas remitted the record to the Workmen's Compensation Board for the following special finding of fact: "What were the actual earnings of the deceased, Joseph Mattey, during the time of his employment with defendant? Since January 1st, 1930." The only proof offered by appellant, affecting the amount of the award, was a statement showing decedent's yearly earnings from January 1, 1930 to February 25, 1939, which was adopted by the Referee and the Board as a special finding of fact. This statement showed that for the years 1930, 1935, 1936 and 1937 the decedent's earnings were in excess of the compensation payable under the award,

while for the year 1938, and the other years covered by the statement, the earnings were less. The court of common pleas sustained the award and on this appeal the sole question raised is whether the Act of June 4, 1937, P. L. 1552, is unconstitutional because the compensation allowed is excessive and unreasonable.

Appellant argues that the unreasonableness of the rates of compensation under the Act of 1937 is established: (1) because they are in excss of the rates as provided by the Act of 1927 and the Act of 1939; (2) and because it required the employer to pay dependents a larger amount than the probable contribution that the decedent would have paid for their support. Neither of these reasons are the standards, nor the measure of proof, necessary to establish the Act to be unreasonable.

The general question of the unreasonableness of the Act of 1937 was considered by the Supreme Court in an exhaustive and comprehensive opinion by the present Chief Justice in the case of *Rich Hill Coal Co. et al. v. Bashore,* 334 Pa. 449, 7 A. (2d) 302. In the course of the opinion, on page 492, the court said: "If the compensation required by statute in Pennsylvania makes it impossible for Pennsylvania industries employing wage earners to continue to operate with a reasonable return on the property invested, such a compensation law would have to be adjudged unreasonable as respects those industries. If they normally employ a sufficient number of wage earners to make the destruction of those industries substantially harmful to the body economic of this Commonwealth, the statute in question would have to be adjudged as failing to meet the standard of reasonableness prescribed by Article 111, Sec. 21 of the Constitution." On page 493 the court further said: "...... but the questions as to the *reasonableness* of the compensation prescribed by them and *as to the validity otherwise* of their several pro-

visions *are left open* for future judicial determination in appropriate proceedings in the court below and on any appeal which may follow."

The section of the Act of 1937 under which the present award was made is specifically discussed in the *Rich Hill* case when the Supreme Court said: "Another provision in Act 323 which is alleged to be unreasonable is that which gives to a widow of a deceased employee, 'if there be no children, 44% of wages but not in excess of twelve dollars per week.' This compensation shall be paid during 500 weeks, except that, in the case of a widow, if she shall remain unmarried, compensation shall continue after said period of 500 weeks, at the rate of $5 per week for life. If the widow remarries, if she be other than a nonresident alien widow, the compensation of such widow shall continue two years from the date of such remarriage. The rate of compensation for widows with children increases substantially." ...... "However, whether or not the challenged act is unreasonable in respect to a sufficiently large number of employers to make the act unconstitutional on that ground is primarily a factual question, which can be decided only on an ample record."

In *Zahrobsky v. Westmoreland Coal Company,* 146 Pa. Superior Ct. 44, 21 A. (2d) 426, this court said: "A reading of the opinion (in the Rich Hill case) as a whole ...... reveals that reasonableness is not dependent on the effect of the Act in an isolated case, but upon proof of its overall effect in a large number of cases." Upon appeal from this decision the Supreme Court said in *Zahrobsky v. Westmoreland Coal Company,* 344 Pa. 446, 25 A. (2d) 823, "It is obvious that the weight of the burden imposed on the state's body economic by a Workmen's Compensation Law cannot be determined by the result in the single case of one employee."

In view of these decisions appellant has not met the

364

burden of proof necessary to establish the act to be unreasonable insofar as it affects the compensation payable under this award.

Appellant, before the Referee and in this court, has requested that in the event compensation is allowed, as provided by the Act of 1937, the award be made subject to the determination in the *Rich Hill* cases of the reasonableness of the compensation schedules of the 1937 Act. This procedure was approved in *Kutney v. William Penn Colliery Co.*, 148 Pa. Superior Ct. 114, 127, 25 A. (2d) 92; *Barbaryka v. Henderson Coal Co.*, 154 Pa. Superior Ct. 402, 36 A. (2d) 341.

Subject to this modification, the judgment is affirmed.