## Grassia et al. v. Silverberg et ux.

*Michael A. Foley,* for plaintiffs.
*Mortin E. Rotman,* for defendants.

FINLETTER, P. J., December 18, 1944.—Plaintiffs in this case instituted a suit in trespass to recover damages for injuries received by a minor while employed as a butcher by defendant. The statement of claim sets forth that the minor was under the age of 16 years at the time of his employment. It alleges that the minor plaintiff's employment was illegal in that no employment certificate had been obtained for him. The case is before us upon an affidavit of defense raising ques-

tions of law. The sole question raised is whether plaintiffs can maintain a common-law action in trespass for damages for injuries to a minor employed in violation of the Child Labor Law, or whether plaintiffs' exclusive remedy is provided by The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended and last reënacted by the Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520.

In our opinion, the action was properly brought in trespass.

An illegally-employed minor's right to a common-law action was not superseded by The Workmen's Compensation Act of 1915, and prior to an amendment of 1931 the cases consistently pointed out that his remedy was by an action in trespass in spite of broad language contained in the 1915 act: Lincoln v. National Tube Co., 268 Pa. 504; Edward Stern & Co. v. Liberty Mut. Ins. Co., 269 Pa. 559; Salamone et al. v. Pennsylvania Fireworks Display Co., 111 Pa. Superior Ct. 220; Mitchell et al. v. Mione Mfg. Co., 112 Pa. Superior Ct. 394.

By the Act of April 14, 1931, P. L. 36, The Workmen's Compensation Act was amended by adding section 320. This new section effected a radical change in the law by bringing illegally-employed minors within the purview of the act. Subsection $(a)$, inter alia, provides that where a minor was employed in violation of the laws relating to minors' compensation shall be double the amount that would be payable to such minor if legally employed. The legislature, having given the minor double benefits, limited his relief to a procedure under the act to the same extent as an adult's, i. e., acceptance of the act in absence of a rejection by subsection $(g)$ of section 320, which provided:

"If neither party has elected not to be bound . . . they shall be held to have agreed to be bound by the provisions of this act and to have waived any other right or remedy at law or in equity for the recovery

of damages for injuries occurring under the circumstances herein described."

By the Act of June 4, 1937, P. L. 1552, The Workmen's Compensation Act was amended and reënacted and all of the subsections ((a) to (g)) of section 320 were included therein. In addition, the 1937 reënactment added a new provision, section 108, which, inter alia, provided:

"For the purpose of this act, minors shall have the same power to contract, file claims for compensation and receive compensation as adult employes . . ." (subject to certain restrictions not' herein involved).

The 1937 act revised the definition of the term "employe" by adding in section 104(a) the words "including minors". In addition, the 1937 act added to section 301 a new subsection (b):

"The right to receive compensation under this act shall not be affected by the fact that a minor . . . is employed or is permitted to be employed in violation of the laws of this Commonwealth relating to the employment of minors . . ."

In view of these additions there can be no question but that the legislature in 1937 intended that an illegally-employed minor should be a compensable employe under the act; that it intended that his right to recover at common law be substituted by the "additional compensation"; and that *double* benefits thus give him the extra protection that has been offered to minors.

The double compensation provision, however, was held unconstitutional under a view that it was excessive and unreasonable: Rudy v. McCloskey & Co., 152 Pa. Superior Ct. 101 (affirmed in 348 Pa. 401).

Prior to the decision in 1943 of the Rudy case, supra, the legislature had itself, for some reason, decided that the double compensation feature was inadvisable and by the Act of June 21, 1939, P. L. 520, had reduced the "additional compensation" found in section 320(a) from 100 percent to 10 percent. Defendants, in the instant case, concluded that the 1939 act wrought no

material change in regard to illegally-employed minors, except this reduction in amount of compensation. We do not agree.

Subsection (*g*) of section 320, found in the 1931 and 1937 acts (which provided that in the absence of an election not to be bound the minor should be held to have agreed to be bound and to have waived his remedy at law), was *not included in the 1939 reënactment*. The other subsections ( (*a*) to (*f*) ) of section 320 were included. The only other material change in section 320 was the reduction in amount of compensation. Moreover, the definition of "employe" in section 104 (*a*) was changed in the 1939 act by *deleting the words "including minors"*. In addition, the *1939 act did not reenact section 108 of the 1937 act* which had given minors full right to contract under workmen's compensation. These omissions are highly significant. The intent of the legislature as found in the 1939 act, which contains the law applicable to the instant case, obviously was that minors, injured while illegally employed, should *not* be confined to relief under the act.

Skinner's comment in 1 Pennsylvania Workmen's Compensation Law (3rd ed.) 148, quoted by defendants to the effect that in the absence of notice of rejection the rights of a minor and his parents to an action in trespass are ended, was made at a time when the 1937 act was in force and prior to the passage of the 1939 reënactment, and is not, as we have seen, a correct statement of the present law.

D'Alessandro et al. v. Barfield et al., 348 Pa. 328, turned upon facts not involved in the present case. The court did not discuss the remedy or remedies available to an illegally-employed minor.

Our interpretation of the 1939 act is that an illegally-employed minor can now elect to proceed under the act or he can elect to bring a suit in trespass. The act, in section 301 (*b*), gives him the *right* to seek relief under the act, but the present act does not have section 320 (*g*), which under the 1937 act rendered the

act his exclusive remedy. When the 1939 act took away the benefit of double compensation it restored to the illegally-employed minor his right to a common-law action. This interpretation of the present law is in accord with the legislature's repeated policy of special protection and benefits to minors, and operates as a measure against infraction of the child labor laws by employers.

For these reasons, defendants' affidavit of defense raising questions of defense is dismissed, with leave given them to file a supplemental affidavit of defense to the averments of the statement within 15 days.