Saloon Restaurant Enterprises, Petitioner *v.* Workmen's Compensation Appeal Board (Luis Robles Martinez, Sr., Father of Luis Robles Martinez, Jr., Deceased), Respondents.

Submitted on briefs May 9, 1983, to Judges CRAIG, MACPHAIL and BARBIERI, sitting as a panel of three.

*John M. McAllister*, with him *David Kaliner*, for petitioner.

*Drew S. Dorfman, Ominsky, Joseph and Welsh, P.C.,* for respondent, Luis Robles Martinez, Sr.

OPINION BY JUDGE MACPHAIL, July 7, 1983:

Saloon Restaurant Enterprises (Employer) has filed this Petition for Review from a decision of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting death benefits to the father of Luis Robles Martinez, Jr. (Deceased), as well as additional compensation amounting to 50% of the death benefits for illegal employment of a minor, pursuant to the provisions of Section 320 of The Pennsylvania Workmen's Compensation Act (Act).[1]

As stated in Employer's brief, the sole issue raised on this appeal "is whether the 'additional compensation' provision of [Section 320] is applicable to the facts of this case." Employer does not now dispute the relevant facts of this matter. The Deceased was, at the time of his death, employed as a dishwasher for Employer. The Deceased was killed as a result of an accidental shooting while in the course of his employment. The Deceased was seventeen and one-half years old and was employed without an employment certificate.[2]

Section 320(a) of the Act, 77 P.S. §672(a), states in its entirety:

> If the employe at the time of the injury is a minor, under the age of eighteen years, employed or permitted to work in violation of any provision of the laws of this Commonwealth relating to minors of such age, compensation, either in the case of injury or death of such employee, shall be one hundred and fifty

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of April 14, 1931, P.L. 36, 77 P.S. §672.

[2] In violation of Section 8 of the Act of May 13, 1915, P.L. 286, *as amended,* 43 P.S. §49.

per centum of the amount that would be payable to such minor if legally employed. The amount by which such compensation shall exceed that provided for in case of legal employment may be referred to as "additional compensation."

Employer contends that the Legislature could not have intended to punish[3] an employer where the injury to the minor was accidental and entirely outside the employer's control. The Employer argues that it would be unreasonable and illogical to believe that the Legislature intended to penalize an employer who hires a seventeen year old minor to wash dishes with the same severity as should be meted out to an employer who hires a fourteen year old to operate dangerous machinery, particularly in view of the unforeseeable nature of the Deceased's demise.[4]

Section 320 of the Act, however, is clear and unambiguous; there is no intimation in that provision which would indicate that the Legislature intended a distinction between severe and minor violations of the child labor laws or any distinction based on the degree of foreseeability of a minor's injuries. *See Lengyel v. Bohrer*, 378 Pa. 531, 536, 94 A.2d 753, 755 (1953). As such, this Court may not ignore the express mandates of Section 320 under the guise of pursuing its spirit.

---

[3] Under the provisions of Section 320(b) of the Act, 77 P.S. §672(b), the employer, and not its insurance carrier, is liable for this "additional compensation."

[4] *Rudy v. McCloskey & Co.*, 152 Pa. Superior Ct. 101, 30 A.2d 805 (1943), *aff'd per curiam on the opinion of the Superior Court*, 348 Pa. 401, 35 A.2d 250 (1944), cited by Employer in support of his contention that the provisions of Section 320 of the Act should not be invoked here, recites that the single issue to be disposed of in that case was the constitutionality of Section 320 as applied to the class of claims there presented. In the instant case, no constitutional challenge was raised by the Employer; therefore, the decision in *Rudy* is not controlling here.

Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).

We therefore shall affirm.[5]

ORDER

The order of the Workmen's Compensation Appeal Board, Docket No. A-75535, dated May 29, 1980, is hereby affirmed.

---

[5] The order of the Workmen's Compensation Appeal Board states that the additional compensation ordered by the referee was $23.40. In fact, the amount was $14.40, one-half of the death compensation benefit determined by the referee to be due and owing in his amended decision. Although the Employer has not questioned the actual amount of additional compensation, we here note that the correct amount thereof is $14.40 per week.

We would also note here that Claimant, in his brief to this Court, has requested the imposition of counsel fees against Employer. However, as the record fails to disclose that any such request was made below, and as the Claimant has not filed a cross-appeal from the Board's decision, we shall not consider Claimant's request at this time.