714 A.2d 1008

**LIGONIER TAVERN, INC., Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WALKER), Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 16, 1997.

Decided July 20, 1998.

238

William J. Ober, H. Reginald Belden, Jr., Greensburg, for Ligonier Tavern, Inc.

Kenneth B. Burkley, Greensburg, for Julie Walker.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

ZAPPALA, Justice.

The issue before us in this workers' compensation case is whether the Commonwealth Court erred in determining that Section 320 of the Workers' Compensation Act [1] (Act) is constitutionally sound. For the reasons that follow, we affirm the Commonwealth Court's decision.

Julie Walker (Claimant) began working for Appellant, Ligonier Tavern, Inc., as a dishwasher on December 23, 1991. Her average weekly wage was $95.72. At the time she began working for Appellant, Claimant was seventeen years and almost four months old, her date of birth being August 29, 1974. On April 24, 1992, while she was still under the age of eighteen, Claimant suffered a work-related laceration of her right arm when she came into contact with broken glass in a trash bag. As a result, Claimant ceased working and subsequently underwent surgery. Appellant issued a notice of compensation payable and Claimant began receiving the minimum weekly compensation at the rate of $151.67.

Claimant filed a petition for compensation on March 23, 1993, alleging the loss of use of her right arm for all practical intents and purposes. [2] Claimant also sought "additional compensation" pursuant to Section 320(a) of the Act. [3]

The matter proceeded before the referee [4] who found that Claimant was under eighteen years old at the time of her

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 672.

2. No issues relating to this claim are before us on appeal.

3. Section 320(a), 77 P.S. § 672(a), provides:

   If the employe at the time of the injury is a minor, under the age of eighteen years, employed or permitted to work in violation of any provisions of the laws of this Commonwealth relating to minors of such age, compensation, either in the case of injury or death of such employe, shall be one hundred fifty per centum of the amount that would be payable to such minor if legally employed. The amount by which such compensation shall exceed that provided for in case of legal employment may be referred to as "additional compensation."

4. Pursuant to the 1993 amendments to Section 401 of the Act, 77 P.S. § 701, referees are now called Workers' Compensation Judges. See Act 44, Act of July 2, 1993, P.L. 190. As this case was commenced

work-related injury and that Claimant was illegally employed because Appellant failed to obtain a work permit for her prior to the incident.[5] Accordingly, the referee issued an order awarding Claimant additional compensation in the amount of 50% of Claimant's weekly compensation. This elevated Claimant's weekly compensation to the new rate of $227.51.[6]

The Board affirmed the referee's decision, declining to address the constitutional issues raised by Appellant.[7] On appeal, the Commonwealth Court held that Section 320 of the Act, as written, does not violate Article III, § 18 of the Pennsylvania Constitution regarding the reasonableness of compensation.[8] The court further held that awarding illegally employed minors 50% additional compensation does not violate the Equal Protection Clause of the United States Constitution

prior to August 31, 1993, the effective date of the amendments, the term referee will be used.

5.  Section 8 of what is commonly referred to as the Child Labor Law, Act of May 13, 1915, P.L. 286, *as amended*, 43 P.S. § 49, provides, in relevant part, that "before any minor under eighteen years of age shall be employed, permitted, or suffered to work in, about, or in connection with, any establishment, or in any occupation, the person employing such minor shall procure and keep on file ... an employment certificate ... issued for said minor." 43 P.S. § 49(a). The Child Labor Law further provides that "any minor who has reached the age of sixteen may receive a transferable work permit instead of an employment certificate.... The Employer shall ensure that the minors have valid transferable work permits...." 43 P.S. § 49(b).

    The referee in this case found that Appellant was aware of the fact that Claimant was a minor on the date she was hired but failed to either obtain a work permit or instruct Claimant to obtain a work permit prior to her commencing employment. The record reveals that Claimant's work permit was not obtained until May 18, 1992.

6.  Pursuant to Section 320(b) of the Act, 77 P.S. § 672(b), the employer, not its insurance carrier, is liable for the payment of additional compensation.

7.  The Board correctly noted that its scope of review from the referee's decision does not include review of constitutional issues. See *Bethenergy Mines v. Workers' Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

8.  Pa. Const. art. III, § 18 states that "the General Assembly may enact laws requiring the payment by employers ... of reasonable compensation for injuries to employees arising in the course of their employment...."

or Article III, § 32 of the Pennsylvania Constitution[9] by virtue of the Act's failure to establish reasonable and logical classifications regarding child labor law violations.[10]

Appellant asserts the same constitutional arguments on appeal, namely, whether Section 320 of the Act violates the foregoing constitutional provisions. As before the Commonwealth Court, Appellant asserts that *Rudy v. McCloskey & Company*, 152 Pa.Super. 101, 30 A.2d 805 (1943), aff'd. per curiam on the opinion of the Superior Court, 348 Pa. 401, 35 A.2d 250 (1944), mandates a finding that Section 320 of the Act is unconstitutional. The Commonwealth Court distinguished the facts of *Rudy* from the facts of this case and we find its analysis to be proper.

In *Rudy*, a minor employee fell fifty feet and died while working as a construction laborer. The minor's employment was illegal based solely on the fact that employer failed to procure an employment certificate in accordance with the Child Labor Law. It was agreed that decedent's widow and minor children were entitled to death benefits totaling $10,-129.56. The dispute in *Rudy* concerned whether the deceased minor's family was entitled to an additional payment of $10,-129.56 as provided for under Section 320(a) of the 1937 amendment to the Act.[11]

**9.** Pa. Const. art. III, § 32 states that "the General Assembly shall pass no local or special law in any case which has been or can be provided for by general law...."

**10.** In Pennsylvania, the Child Labor Law classifies minors for purposes of their work status. For instance, (1) children under age 14, with limited exceptions, may not be employed; (2) minors between age 14 and 16 are employable, as long as such employment does not interfere with school; children in this age group are prohibited from working in manufacturing or mechanical occupations; and (3) minors between 16 and 18 are barred from certain occupations, but can work during the entire year. See 43 P.S. §§ 41–71.

Appellant argued that the Legislature's failure to distinguish between the varying degrees to which an employer may violate the substantive portions of the Child Labor Law and impose sanctions accordingly offends equal protection.

**11.** The relevant portion of Section 320(a) of the Act as amended June 4, 1937, P.L. 1552, 77 P.S. § 672(a), provided that in the case of an

In adopting the Superior Court's decision, we held that the payment of additional compensation of 100% to a minor employed in violation of the Child Labor Law, considered either as compensation or a penalty, was so excessive as to violate the pertinent constitutional provisions.[12]

The Commonwealth Court distinguished *Rudy* from this case on the basis that at the time *Rudy* was decided the Act required an employer to pay 100% additional compensation to injured minors, whereas here, the Act only requires an additional payment of 50%. Additionally, the Commonwealth Court noted that *Rudy* did not *per se* conclude that any additional compensation payment to an illegally employed minor would be found unconstitutional. Rather, the *Rudy* court held that requiring a payment of double compensation was excessive and, therefore, unconstitutional as to amount. The court specified:

> We think that the legislature may impose reasonable penalties under the [constitution] . . . to enforce compliance with the . . . act, but a penalty though payable as compensation, *is open to objection if excessive; it also must be reasonable to amount.*

*Id.* 35 A.2d at 254 (emphasis added).[13]

The Commonwealth Court has consistently applied the legislative mandate found at Section 320 where, as here, the

illegally employed minor, "compensation . . . shall be double the amount that would be payable to such minor if legally employed."

**12.** It should be noted that the minor in *Rudy*, unlike the Claimant in this case, misrepresented to his employer that he was over eighteen years of age, so as to obtain employment. While the *Rudy* court held that such misrepresentation did not bear on the question before it, the court noted that to permit double recovery under these circumstances would allow "claimant's wards [to] benefit to the extent of over $10,000 as the fruits of decedent's deceit and fraud." *Rudy*, 35 A.2d at 252.

**13.** Significantly, the court in *Rudy* recognized a recent legislative amendment reducing the amount of additional compensation to be paid pursuant to Section 320(a) from double compensation to 10%. See Act of June 21, 1939, P.L. 520. Rather than conclude that any such amendment would violate the constitutional provisions at issue before it, the court merely stated that the amendment did not apply to the facts in *Rudy* because it constituted a change impacting substantive rights and could not, therefore, be applied retroactively.

award of a 50% additional compensation payment was based solely on the fact that a work permit was not acquired prior to the minor's commencing employment. See e.g. *Wingert & Brechbill v. Workmen's Compensation Appeal Board*, 44 Pa. Cmwlth. 55, 402 A.2d 1157 (1979) (parents of minor who was killed within the scope of his employment were entitled to additional compensation where employer failed to obtain a work permit); *Saloon Restaurant Enterprises v. Workmen's Compensation Appeal Board (Martinez)*, 75 Pa.Cmwlth. 408, 462 A.2d 337 (1983) (father of seventeen and a half year old minor was entitled to additional compensation where minor was shot and killed while employed as a dishwasher and employer failed to obtain an employment certificate). The Commonwealth Court in the foregoing cases relied on the fact that the statutory language of Section 320 of the Act is clear and unambiguous regarding an illegally employed minor's right to collect additional compensation regardless of the manner in which an employer has violated the Child Labor Law.

We too now hold that the legislature's clear and unambiguous mandate that all illegally employed minors under the age of eighteen be awarded 50% additional compensation does not violates the "reasonable compensation" provision of Article III, § 18 of the Pennsylvania Constitution. Additionally, we hold that the Act's failure to establish specific classifications in accordance with the Child Labor Law does not violate the Equal Protection clause of the Federal Constitution and Article III, § 32 of Pennsylvania's Constitution.

In providing an award of an additional 50% compensation to be paid by an offending employer, the Legislature has clearly sought to effect compliance with the provisions of the Child Labor Law, the purpose of which is to protect minors by requiring employers to hire minors in the manner and only for such jobs as are specified in the Child Labor Law.[14] Such

14.  The Title of the Act of May 13, 1915, P.L. 286, *as amended*, August 23, 1961, P.L. 1107, and September 27, 1984, P.L. 714, sets forth, in relevant part, the Child Labor Law's purpose as follows:

payment, be it compensation or a penalty, was contemplated by the court in *Rudy* as being proper where reasonable as to amount. See *Rudy*, 35 A.2d at 254. We hold an award of 50% additional compensation to be reasonable as to amount in order to enforce compliance with the mandates of the Child Labor Law.

In addition to the foregoing, the application of Section 320 to all minors under the age of eighteen does not constitute special legislation nor offend equal protection as the Legislature's classification in this regard constitutes a reasonable and logical means of achieving its purposes set forth in the Child Labor Law. Under an equal protection analysis, a classification, which does not impermissibly interfere with a fundamental right or disadvantageously affect a suspect class will be upheld as long as it passes a rational relationship test. *Commonwealth v. Burnsworth*, 543 Pa. 18, 669 A.2d 883 (1995). Neither the equal protection guarantee of the federal constitution nor the corresponding protection in our state constitution forbids the drawing of distinctions, so long as the distinctions have a rational basis and relate to a legitimate state purpose. See e.g. *Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); *Baltimore & Ohio R.R. v. Department of Labor & Industry*, 461 Pa. 68, 334 A.2d 636 (1975).

As noted, the Legislature, in requiring that all illegally employed minors under the age of eighteen be awarded 50% additional compensation from an offending employer, has sought to effect compliance with the mandates of the Child Labor Law. Such measure appears less likely to offend equal protection than Appellant's proposal that the Legislature be required to set forth a detailed breakdown of specific viola-

An Act to provide for the health, safety, and welfare of minors: By forbidding their employment or work in certain establishments and occupations, and under certain specified ages; by restricting their hours of labor, and regulating certain conditions of their employment; by requiring employment certificates or transferable work permits for certain minors, and prescribing the kinds thereof, and the rules for issuance, reissuance, filing, return, and recording of same. . . .

tions of the Child Labor Law with diverse attendant consequences. The result of such legislation would clearly discourage compliance with the Child Labor Law in some respects while promoting compliance as to others. This would not serve as a reasonable or logical means of effecting the legitimate purposes of the Child Labor Law, i.e., to protect minor employees. We conclude that the Legislature's enactment of Section 320, and its inclusion of all minors under the age of eighteen, is rationally related to a legitimate state purpose, and, accordingly, does not offend the Equal Protection Clause of the United States Constitution or Article III, § 32 of the Pennsylvania Constitution.

Based on the foregoing, we affirm Commonwealth Court's order.