737 A.2d 733

John WAUGH

v.

**WORKMEN'S COMPENSATION APPEAL BOARD, State Workmen's Insurance Fund and Blue Grass Steel.**

**Appeal of State Workmen's Insurance Fund.**

Supreme Court of Pennsylvania.

Argued Feb. 4, 1998.

Decided Sept. 29, 1999.

Maureen E. Calder, Scranton, for State Workmen's Ins. Fund.

Thomas S. Cook, Harrisburg, for John Waugh.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

This Court granted allocatur in the above-referenced matter in order to address whether an insurance company is entitled to set aside a Notice of Compensation Payable ("NCP") on the grounds that an employer's intentional misrepresentation as to the claimant's residency at the time of the injury constituted a material mistake of fact. For the reason that follow, we reverse the Commonwealth Court and conclude that an insurance company is entitled to set aside the NCP in these circumstances.

The facts relevant to this appeal are that on December 18, 1993, John Waugh ("Claimant") sustained a multiple trauma, closed head injury in the course of his employment for Blue Grass Steel, Inc. ("Blue Grass"), a Kentucky company, when he fell twenty-five feet off a building in the State of Indiana. Claimant remained hospitalized for his injuries until February 1994.

At the time of the accident, Blue Grass did not maintain workers' compensation insurance in Indiana. Subsequently, a claim for workers' compensation benefits was made to the State Workmen's Insurance Fund ("SWIF"), with whom Blue Grass did maintain workers' compensation insurance. SWIF contends that it provided workers' compensation insurance to Blue Grass only for workers who were injured while either working or residing in Pennsylvania at the time of the injury, and claimant does not dispute this fact in his brief. The claim form completed by SWIF when it was informed on December 23, 1993, of Claimant's injuries listed Claimant as residing at a Clearfield, Pennsylvania, address. The claim form listed Ronald E. Golias as SWIF's claim investigator, T. Rodgers as SWIF's supervisor who would approve the claim, and Amanda Jacobs, the wife of Blue Grass's owner, as the employer

contact.[1] The general remarks section of the form provides that Blue Grass was contacted and interviewed by SWIF and that Blue Grass alleged that the claim for benefits was valid. After the initial interview, Blue Grass never responded to further requests by SWIF for respondent's personnel records.

On January 3, 1994, SWIF issued a Notice of Compensation Payable to Claimant by which he would receive weekly workers' compensation benefits in the amount of $337.61. Also, SWIF began paying Claimant's medical bills related to the injury. The Notice of Compensation Payable, however, listed a Kentucky address for Claimant, and SWIF mailed all of Claimant's benefit checks to this Kentucky address. On April 22, 1994, SWIF filed a petition to review compensation benefits. On May 12, 1994, SWIF amended the petition, alleging that an investigation revealed that the Notice of Compensation Payable issued to Claimant should be set aside because it contained a material mistake of fact.

At the hearings before the workers' compensation judge ("WCJ"), SWIF presented the testimony of a claims adjuster for an independent company that routinely reviewed catastrophic claims for SWIF. The claims adjuster testified that on January 14, 1994, she noticed a discrepancy in Claimant's address. The claims adjuster then stated that she contacted Claimant's wife with questions regarding Claimant's residency at the time of the accident. The claims adjuster stated that Claimant's wife said that Claimant never resided in Pennsylvania and that Amanda Jacobs instructed her to say that Claimant lived in Pennsylvania since Blue Grass had no workers' compensation coverage in Indiana (the site of the accident) or Kentucky (the site of the company and Claimant's place of residence).

The claims adjuster also testified about her conversation with Jacobs regarding Claimant's benefits claim. The claims adjuster stated that Jacobs told her that Claimant was a Pennsylvania resident at the time of the accident because of his separation from his wife. However, the claims adjuster

---

1. Claimant never had any conversations with SWIF before the issuance of the January 3, 1994 Notice of Compensation Payable.

stated that Jacobs became increasingly defensive when the claims adjuster informed her that Claimant's wife admitted that Claimant never resided in Pennsylvania.

Claimant's wife's deposition testimony was also presented at the hearing. Claimant's wife stated that Jacobs told her that her failure to verify that Claimant resided in Pennsylvania at the time of the injury would result in Claimant having no medical coverage to pay for Claimant's medical care.

Finally, Claimant's deposition testimony was also presented at the hearing. Claimant admitted that he never resided in Pennsylvania. Claimant, however, never spoke with SWIF before he began receiving benefits.

After considering this evidence, the WCJ refused to set aside the Notice of Compensation Payable because he believed that SWIF had sufficient information in its file at the time that the Notice of Compensation Payable was issued to question, at a minimum, as to whether Claimant was a Pennsylvania resident. The Board reversed the WCJ because it believed the facts showed that the Notice of Compensation Payable was issued on the erroneous assumption that Claimant was a Pennsylvania resident and that SWIF took immediate steps to set aside the Notice of Compensation Payable once the evidence demonstrated that it had become aware of the misrepresentations. The Commonwealth Court, in an unpublished opinion, reversed the Board, determining that, although misrepresentations were made, SWIF had failed to meet its burden of proof since it failed to present the testimony of the claims investigator who issued the Notice of Compensation Payable. The Commonwealth Court held that the claims investigator should have been presented to testify as to why he issued the Notice of Compensation Payable in spite of conflicting residency information and that his failure to testify created an adverse inference against SWIF on the assumption made when it issued the Notice of Compensation Payable. Thus, in the view of the Commonwealth Court, SWIF could not establish a material mistake of fact based on the case that it had presented before the WCJ. This Court granted allocatur in order to further address the legal standards that govern

when a party seeks to set aside a Notice of Compensation Payable based upon an alleged material mistake of fact.

Appellate review of a workers' compensation order is limited to determining whether a constitutional violation, an error of law or a violation of Board procedure has occurred and whether the necessary findings of fact are supported by substantial evidence. *Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 31, 584 A.2d 301, 303 (1990). Section 413 of the Workers' Compensation Act provides that:

> A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

77 P.S. § 771. When examining a petition to set aside a Notice of Compensation Payable, a court must be mindful that the Workers' Compensation Act imposes a duty upon the employer and insurer to promptly commence payment of benefits and that this duty sometimes may leave the employer and insurer unaware of the cause of injury or the facts surrounding the claim. *Barna v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel Corp.)*, 513 Pa. 518, 522 A.2d 22, 24 (1987). The burden rests on the party seeking modification of a Notice of Compensation Payable to prove that a material mistake of law or fact was made at the time it was issued. *Hartner v. Workmen's Compensation Appeal Board (Phillips Mine & Mill, Inc.)*, 146 Pa.Commw. 167, 604 A.2d 1204, 1209, *appeal denied*, 531 Pa. 662, 613 A.2d 1210 (1992).

This Court first examined an employer's burden when seeking to set aside a Notice of Compensation Payable in *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983). In *Beissel*, the claimant and his employer entered a compensation agreement almost two years after the claimant allegedly injured her back

from a fall at work. Two years after this agreement was executed, the employer filed a petition to terminate benefits, alleging that claimant's back injury was not related to the fall at work. This Court held that:

> [S]ince [the employer] had an opportunity to, and in fact did, investigate the cause of [the employee's] disability, the notice of compensation payable it filed constitutes an admission of its liability to [the employee] for compensation for a lower back injury. [The employer] may not now, under the guise of a termination petition, come into court and ... contradict that which it admitted in its notice of compensation payable.

*Beissel,* 502 Pa. at 183, 465 A.2d at 971.

██ This Court later modified its holding in *Beissel* in the case of *Barna v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel Corp.), supra.* In *Barna,* the employer and employee agreed to compensation prior to the employer conducting any investigation into the cause of the employee's disability. This Court modified *Beissel* when it held that:

> [I]n short, we cannot ignore the clear provision of [section 413] that compensation may be terminated where it is paid under a notice of compensation which is materially incorrect. The Act imposes upon employers the duty to promptly commence payment of compensation and the cause of an employee's disability may not always be obvious. Where, as here, an employer promptly commences payment of compensation prior to commencement or completion of investigation into the cause of the claimant's injuries and later determines that the claimant's disability was never work-related, in the absence of evidence of repeated contests of the cause of the disability such as occurred in *Beissel,* the employer must be permitted to seek relief.

*Barna, supra* at 522–23, 522 A.2d at 24. Thus, *Beissel* and *Barna* instruct that an employer can seek to set aside a Notice of Compensation Payable on the basis of a material mistake of fact where the employer or insurer did not have the opportuni-

ty to investigate the facts surrounding the claim for benefits at the time the notice was issued.[2]

■ Appellee contends that because the statute specifically requires that an NCP may be set aside *only* when the NCP itself contains a material mistake of fact, an NCP may *not* be set aside in circumstances such as these, where employer and employee conspired to intentionally mislead the insurer into believing that the employee was eligible for benefits when he was not, but when this misrepresentation did not result in a material mistake of fact on the NCP itself. However, the language at issue states that an NCP may be set aside "if it be proved that such notice of compensation payable or agreement was in any material respect incorrect." Here, the NCP was incorrect in a material respect—namely, it was incorrect in that it acknowledged the existence of a legal payment obligation for claimant's injury when, in fact, no such payment obligation existed, and when both employee and employer were aware that no such payment obligation existed but falsely conveyed misinformation so that appellant would believe otherwise. We conclude that this sort of mistake is clearly contemplated by the language of Section 413 of the Act. To conclude otherwise would be to impute an absurd result to the Legislature, and this we will not do. *See Housing Authority of Chester v. Civil Service Comm.*, 556 Pa. 621, 642, 730 A.2d 935, 946, 1999 Pa. LEXIS 1276, *32, *quoting* 1 Pa.C.S. § 1922(1)("the first principle of statutory construction is that courts will not interpret legislative enactments in a manner which imputes absurdity to the legislative enactment"). In our view, we would necessarily condemn this

**2.** A plurality of this Court has also stated that a Notice of Compensation can be set aside where the claimant's attorney engages in willful concealment of evidence. *Phillips v. Workmen's Compensation Appeal Board (Edgar Construction Co.),* 519 Pa. 31, 545 A.2d 869 (1988). In *Phillips,* three members of this Court, voting in support of affirmance, stated that willful concealment of relevant medical evidence should result in voiding the previously entered compensation agreement. *Id.* (McDermott, J., writing in support of affirmance). The three justices who voted in support of reversal determined that there was insufficient evidence in that case that claimant had committed fraud. The opinions in support of reversal did not address the legal conclusion that a notice of compensation payable induced by fraud is void.

legislative enactment as absurd if we interpreted the enactment to allow an employee to wrongfully obtain workers' compensation benefits by making material misrepresentations on collateral documents that convey the impression that the employee is eligible for benefits when he is not. An NCP acknowledging liability pursuant to such material misrepresentations constitutes, for purposes of Section 413, a material mistake of fact—one that this Court will not favor with its judicial imprimatur. Accordingly, we reverse the order of the Commonwealth Court. Jurisdiction is relinquished.