The AMERICAN BELT COMPANY,
Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (FIGUEREO),
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 8, 2000.

Decided June 21, 2000.

Jonathan F. Ball, Philadelphia, for petitioner.

Eleanor T. Segal, Philadelphia, for respondent.

Before DOYLE, President Judge, and COLINS, J., McGINLEY, J., SMITH, J., PELLEGRINI, J., FLAHERTY, J. and LEADBETTER, J.

LEADBETTER, Judge.

Section 320(a) of the Workers' Compensation Act,[1] 77 P.S. § 672(a) provides that an employer who illegally hires an underage employee must pay a fifty per cent penalty in addition to standard workers' compensation benefits if that underage employee is injured. In this case, the court must determine the standard to be applied under this provision where the minor was hired based upon her false representation that she was eighteen years old.

Karyann Figuereo sought employment from petitioner on June 21, 1994. On that date, she was fifteen years of age. On her job application, she claimed that she was born on November 2, 1975, which would have made her eighteen years old. She also completed an I–9 employment eligibility form on which she claimed she was a high school graduate,[2] and presented a document bearing her photograph entitled "Pennsylvania Identification Card." Both the form and the card stated that November 2, 1975 was her date of birth. There is no evidence that petitioner had knowledge that this date of birth was false.

Figuereo was hired into the loop department of petitioner's belt manufacturing company. Her job required her to put her left arm through a knifelike machine and pick out good and damaged loops. On August 9, 1994 her arm was caught in the

---

1. Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.1; 2501–2626. Section 320 provides:
 § 672. Minor under eighteen illegally employed; additional compensation; possession of employment certificate; age certificate; election to be bound by act
 (a) If the employe at the time of the injury is a minor, under the age of eighteen years, employed or permitted to work in violation of any provision of the laws of this Commonwealth relating to minors of such age, compensation, either in the case of injury or death of such employe, shall be one hundred and fifty per centum of the amount that would be payable to such minor if legally employed. The amount by which such compensation shall exceed that provided for in case of legal employment may be referred to as "additional compensation."

2. The I–9 employment eligibility verification is a form required by federal law which mandates that the prospective employee attest to the accuracy of certain information, including date of birth, under penalty of perjury. 8 U.S.C. § 1324a(b)(2).

machine and twisted, causing a serious injury for which she filed a claim seeking workers' compensation benefits. At the hearing before a Workers' Compensation Judge (WCJ) claimant testified concerning her age, and her counsel requested that her benefits be increased by 50% in accordance with Section 320(a). At the time of the hearing, employer was represented by counsel for its insurance carrier [Kemper]. Although finding that claimant lied about her age, the WCJ made no finding concerning the various forms submitted by claimant nor concerning the employer's reliance upon them, but instead held that Section 320(a) imposed strict liability. The WCJ made the following conclusion of law:

> 3. Claimant has met burden of proving that she was involved in the working of a manufacturing machine in the course of her employment with Employer. Further, Claimant worked an excess of forty four hours per week. At the time of the work injury Claimant was fifteen years old. Therefore, as a matter of law, pursuant to Section 320(a) of the Act, Claimant shall receive her Workers' Compensation benefits plus an additional fifty percent (5%) [sic] in Compensation as a result of the violation of child labor laws.

Because Section 320(b) of the Act requires that the 50% penalty be paid by the employer and not its insurance carrier,[3] following the WCJ's adjudication hearing counsel notified employer of the § 320(b) issue, and advised employer of its right to retain separate counsel to contest the 50% penalty. Employer did so, and its attorney moved either to intervene in Kemper's appeal to the Workers' Compensation Ap-

peal Board (Board), or to appeal *nunc pro tunc* from the WCJ's order.[4] In this appeal, employer argued that claimant should be estopped from receiving the 50% additur as a matter of law because she had falsely represented her age to employer. Employer also requested that the Board accept additional documentary evidence (a hospital report) on the issue. The Board did not act upon the latter request. However, it rejected both the WCJ's strict liability approach and employer's estoppel theory and adopted a reasonable reliance standard. The Board held:

> We believe that where a minor not only misrepresents his or her age, but also presents false picture identification which indicates a false birthdate, and the employer reasonably relies on such identification (i.e. the identification contains some type of "official indicia") and other representations and determines that the applicant is of the age of majority, the employer should not be penalized pursuant to Section 320 with respect to that minor claimant.

The Board took "judicial notice," however, of the fact that the "Pennsylvania Identification Card" is not the official non-drivers license identification issued by the Pennsylvania Department of Transportation, and found that the Claimant's photo appeared superimposed on the information section of the card. The Board concluded, therefore, that reliance on the card was not reasonable and thus upheld the WCJ's order. *Figuereo v. American Belt Co.*, A96–4751, Bd. op. at 9–10.

 Employer has petitioned this court for review of the award of the 50% additur.[5] Petitioner again presses its estoppel

---

3. "The employer and not the insurance carrier shall be liable for the additional compensation. Any provision in an insurance policy undertaking to relieve an employer from such liability shall be void." 77 P.S. § 672(b).

4. As the original appeal was filed in the name of both the employer and the insurance company, and employer's counsel filed a brief regarding the penalty issue, both motions were dismissed as moot. This determination

is not at issue in this appeal. We note, however, that when the interests of an employer and its insurance company are no longer aligned, the Board should allow intervention by an employer to protect its separate interests.

5. Claimant's entitlement to workers' compensation calculated at the standard rate is not here challenged.

theory, and claimant responds that the WCJ correctly adopted a strict liability approach. Thus the court is squarely faced with an undecided issue of law over which we exercise plenary review.[6] For the reasons that follow, we agree with the Board that neither strict liability nor estoppel is the appropriate standard by which to judge entitlement to additional compensation under § 320(a).

Petitioner contends that under *Waugh v. Workmen's Compensation Appeal Board (State Workmen's Insurance Fund and Blue Grass Steel)*, 558 Pa. 400, 737 A.2d 733 (1999), claimant should be absolutely barred from profiting from false information. This contention is unwarranted. In *Waugh*, claimant's employer was insured under the State Workmen's Insurance Fund (SWIF), but only for workers who were either injured in Pennsylvania, or who were residing in Pennsylvania at the time of their injury. The employer and employee, however, conspired to mislead SWIF into believing that claimant lived in Pennsylvania at the time of his injury when in fact he did not, and a Notice of Compensation Payable was issued on that basis. The court held, "we would necessarily condemn this legislative enactment as absurd if we interpreted the enactment to allow an employee to wrongfully obtain workers' compensation benefits by making material representations on collateral documents that convey the impression that the employee is eligible for benefits when he is not." *Waugh*, 558 Pa. at 407–408, 737 A.2d at 737. In the present case, however, claimant did not provide false information in order to receive workers' compensation, but rather to obtain employment in the first place. Whereas in

*Waugh*, had the true facts been stated the compensation claim would clearly have been precluded, had claimant here been truthful, her entitlement to additional benefits would have been undisputable. *Waugh* does not involve application of estoppel, but simply stands for the proposition that employer and employee cannot, by fraudulent agreement, impose a bogus obligation upon employer's insurance carrier.

Moreover, in a trespass case predating the inclusion of minors in the workers' compensation laws,[7] our Supreme Court rejected a similar estoppel argument. In *Krutlies v. Bulls Head Coal Co.*, 249 Pa. 162, 94 A. 459 (1915), a child was injured while illegally working in a coal breaker, having lied about his age when he was originally hired at the age of eight years old and later when the child labor laws were changed to prohibit such employment by those under the age of sixteen years. Krutlies sued on the theory that his injuries were caused by his employer's negligence in hiring an underage worker. Employer defended on grounds of deception, but the court awarded benefits, stating "the mere fact that he misrepresents his age does not render it nugatory and of itself relieve the employer from the consequences of putting him at a prohibited employment." *Krutlies*, 249 Pa. at 170, 94 A. at 461–462, *quoting Hrabchak v. Delaware & Hudson Co.*, 54 Pa.Super. 626, 633 (1913). Indeed, claimant relies upon *Krutlies* to support her strict liability theory, but we find this argument equally unpersuasive. *Krutlies* was a negligence case seeking compensatory damages for injuries where the minor plaintiff's deceit did

---

6. Petitioner also claims that the Board abused its discretion in refusing to grant a *de novo* hearing and/or in refusing to accept and consider the proffered hospital report. Our review of the record reflects that petitioner neither requested a *de novo* hearing nor a remand, but only asked that the report be accepted and considered pursuant to the Board's authority to conduct a *de novo* hearing. At any rate, in light of our disposition of

the primary issue we need not address this contention further.

7. Minors were not covered under the Workers' Compensation Act until 1931. They were added by the same amendment in which § 320 was added to the Act. *See Rudy v. McCloskey*, 152 Pa.Super. 101, 106–108, 30 A.2d 805, 808 (1943).

not negate the employer's negligence, particularly since the facts clearly manifested that the employer must have been aware of its blatant violation of the child labor laws.

Claimant also cites *Saloon Restaurant Enterprises v. Workmen's Compensation Appeal Board (Martinez)*, 75 Pa.Cmwlth. 408, 462 A.2d 337 (1983) as evidence that the statute requires a strict liability standard to be applied. *Saloon Restaurant*, however, simply did not involve this issue. There, a seventeen year old without an employment certificate was killed in an accidental shooting while employed as a dishwasher. Employer claimed that the accident was beyond its control and completely unforeseeable, so should not result in a punishment as severe as would be appropriate for an employer who hires a minor to work on dangerous machinery, where injury is foreseeable. The court held, however, that "there is no intimation in [section 320] which would indicate that the Legislature intended a distinction between severe and minor violations of the child labor laws or any distinction based on the degree of foreseeability of a minor's injuries." *Saloon Restaurant*, 462 A.2d at 338 (citation omitted). In *Saloon Restaurant*, however, there was no intimation that the claimant had lied about his age nor that employer was unaware it was in violation of the child labor laws.

Finally, claimant points to *Ligonier Tavern, Inc. v. Workmen's Compensation Appeal Board (Walker)*, 681 A.2d 222 (Pa. Cmwlth.1996), *aff'd* 552 Pa. 237, 714 A.2d 1008 (1998) which states, "The duty of seeing that the minor obtains an employment certificate rests on the employer,

who cannot shift this duty to its minor employees." *Ligonier Tavern*, 681 A.2d at 225 (citation omitted).[8] However in *Ligonier Tavern*, as in *Saloon Restaurant*, the employer knew that the employee was a minor, and *Ligonier Tavern* carefully distinguished the situation where a claimant had misrepresented his age at the time he was hired. *Id.*, 681 A.2d at 225–226 n. 15.

██ In rejecting both the estoppel and strict liability approaches, we are persuaded by the fact that the primary objective of Section 320 is not compensation, but punishment and deterrence of employers' illegal conduct. As our Superior Court stated in *Rudy v. McCloskey*, 152 Pa.Super. 101, 30 A.2d 805 (1943), *aff'd* 348 Pa. 401, 35 A.2d 250 (1944):

> The dominant intent of the section, to penalize the employer is indicated by the provision that the employer alone "shall be liable for the additional compensation" and "any provision in an insurance policy undertaking to relieve an employer from such liability shall be void." This provision is significant when considered in connection with the general policy of the Act not only to provide compensation but to see to it that it is paid. § 305. 77 P.S. § 501 provides that every employer liable, shall insure the payment of compensation in the State Workmen's Insurance Fund or in some insurance company unless of sufficient financial ability to qualify for self insurance. Under § 320 the employee would have to take the chances of his employer's insolvency with no insurance to protect him.

*Rudy*, 30 A.2d at 809.[9] We also note that while the statutory classification granting

---

8. Claimant also points to § 320(e) of the Act, 77 P.S. § 672(e), which states that possession of an employment certificate shall be conclusive evidence of an employer's legal right to employ a minor, and § 320(f) of the Act, 77 P.S. § 672(f), which states that possession of an age certificate shall be conclusive evidence of the minor's age. Claimant argues that possession of these certificates are the only methods of avoiding liability. However, unless an employer knows or should know that a

potential employee is a minor, he would have no reason to obtain age or employment certificates, which are not required for employees who are over eighteen.

9. *Rudy v. McCloskey* was a constitutional challenge to the predecessor of § 320, which, while otherwise nearly identical to the present statute, required payment of 100% "additional compensation" to the injured minor instead of the current 50%. In *Rudy* a minor

substantial additional compensation to minors injured while illegally employed is amply justified by its punitive and deterrent purposes,[10] no such justification can be made on compensatory grounds. There is no logical or empirical basis to believe that a minor injured while illegally employed will require more weekly compensation than a minor injured while lawfully working, nor for that matter than a similarly injured adult. Moreover, it is unreasonable to assume that the legislature was motivated by a purpose to award more workers' compensation benefits to a minor who has obtained employment by lying about his age than to a minor who has truthfully complied with the law and obtained the required documentation. For all these reasons it is abundantly clear that the intended purpose of the Act was to punish and deter unlawful conduct by employers, and that the effect upon the compensation of the minors was merely incidental to this purpose.

■ In applying the Act, the critical focus is not upon the circumstances and conduct of the child, but rather upon the conduct of the employer; the estoppel and strict liability approaches are equally flawed because they look only to the former. Viewing the statute in this light, we must conclude that it would frustrate its purpose both to impose a Section 320 penalty in a situation where the employer innocently and in good faith employed a minor who fraudulently misrepresented his age and/or submitted false documentation, but also to withhold the sanction where the employer hired the minor in spite of the fact that it knew or should have discovered the minor's untruthfulness, and thus knowingly violated the child labor laws.

■ Accordingly, we hold that an employer is liable for the penalty mandated by Section 320 only if it knew or reasonably should have known that the claimant was a minor working illegally. In making this determination, the fact-finder must carefully weigh all the relevant facts and circumstances. We find persuasive the analysis of the New York Court of Appeals that:

> [I]f the employer, in the exercise of proper vigilance and due caution, is led to believe that the employee is above the statutory age, he cannot well be charged with negligence in employing an infant, whether such belief would be available as a defense in a criminal prosecution or not. The representation of the employee as to his age, even if accompanied by a similar statement by his parents, is not conclusive on the question. No principle of estoppel is applicable to the case. The question always is whether the employer is justified in believing that the employee is of sufficient age to authorize his employment. For this purpose he may not rest alone on the representation of the plaintiff, but is required to exercise proper vigilance to discover the fact. What such vigilance would dictate differs in different cases. There can readily be imagined a case where the employee is of such mature appearance that the employer may naturally and properly accept his statement as to age. In other cases the appearance of the employee might be the exact reverse. No definite rule can be laid down to relieve the

employee lied about his age, and the employer was unaware that its employee was a minor until after the employee's death in a work-related incident. The *Rudy* court observed that "if the judgment is valid, claimant's wards will benefit ... as the fruits of decedent's deceit and fraud." *Rudy*, 30 A.2d at 807. The court concluded that while the legislature may impose reasonable penalties under the Workers' Compensation Act, the statute at issue was unconstitutional as an unreasonably excessive penalty. While the present statute was held constitutional in *Ligonier Tavern*, we must recognize that interpreting Section 320 to impose strict liability could raise the constitutional issue of an excessive penalty in fact patterns more like *Rudy* than *Ligonier Tavern*. Adopting a reasonableness standard will obviate such constitutional questions.

10. *See Ligonier Tavern,* 681 A.2d at 227–28.

employer from liability in violating the statute. The jury must be satisfied that under the circumstances of the particular case the employer believed, and was justified in the belief, that the employee was of the prescribed age to work.

*Vincent v. Riggi & Sons, Inc.*, 30 N.Y.2d 406, 414, 334 N.Y.S.2d 380, 285 N.E.2d 689, 694 (1972), *quoting Koester v. Rochester Candy Works*, 194 N.Y. 94, 95–96, 87 N.E. 77, 78 (1909).

Unfortunately, because the WCJ and the claimant believed it to be irrelevant and employer was not yet represented by counsel representing its (as opposed to its carrier's) interests, the reasonableness of employer's reliance upon claimant's representations and documents was never developed at the hearing before the WCJ, and the WCJ made no findings thereupon. The Board's attempt to fashion its own findings on the issue is flawed in two respects. First, the Board may not find facts; this is the sole province of the WCJ. Second, the record on the subject was simply too undeveloped to form the basis for any conclusions. Accordingly, the matter must be remanded so that the WCJ can take testimony on the issue and make findings of facts and conclusions of law under the standards set forth in this opinion.

### ORDER

AND NOW, this 21st day of June, 2000, the order of the Workers' Compensation Appeal Board in the above captioned matter is vacated, and the matter is remanded to the Board with instructions to further remand the case for hearing before a Workers' Compensation Judge in accordance with the attached opinion.

Jurisdiction relinquished.

Judge SMITH concurs in the result only.

1. Act of June 2, 1915, P.L. 736, art. III, § 320, *added by* Act of April 14, 1931, P.L. 36, No.

FLAHERTY, Judge, dissenting.

I respectfully dissent.

The General Assembly has decreed that

[i]f the employe at the time of the injury is a minor, under the age of eighteen years of age, employed or permitted to work in violation of any provision of the laws of this Commonwealth relating to minors of such age, compensation either in the case of injury or death of such employe, **shall** be one hundred and fifty per centum of the amount that would be payable to such minor if legally employed.

Section 320 of the Workers' Compensation Act (Act), 77 P.S. § 672(a) (emphasis added).[1] The Supreme Court has recently instructed that the term "shall" is mandatory. *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148 (1997). Thus, pursuant to the plain language of the General Assembly, Ms. Karyann Figuereo who, at the time of her injury was only 15 years of age and was employed by American Belt Company in violation of the laws of this Commonwealth was entitled to 150% compensation. Despite the plain language of statute, the Majority fails to give effect to that plain language in favor of giving effect to the purported purpose of Section 320 which the Majority perceives to be the punishment of employers who illegally employ minors. The Majority reasons that to require the employer to pay out of its own pocket an additional 50% in compensation would frustrate the purpose of Section 320 where the employer innocently and in good faith employed a minor who fraudulently misrepresented her age. Because I disagree both as to the Majority's perceived purpose of the act and as to its conclusion regarding the frustration of the act's purpose, I must dissent.

The Supreme Court most recently stated that the purpose of Section 320 was the protection of minors by giving effect to

29, § 1, *as amended,* 77 P.S. § 672(a).

child labor laws. The Supreme Court stated that

> [i]n providing an award of additional 50% compensation to be paid by an offending employer, the Legislature has clearly sought to effect compliance with the provisions of the Child Labor Law, the purpose of which is to protect minors by requiring employers to hire minors in the manner and only for such jobs as are specified in the Child Labor Law.

*Ligonier Tavern v. Workers' Compensation Appeal Board (Walker)*, 552 Pa. 237, 243, 714 A.2d 1008, 1011 (1998). It is clear that the protection of minors is the purpose of Section 320, as opposed to its being solely the punishment of employers, which is the Majority's sole basis for rewriting the statutory child labor protections in this Commonwealth. In any event it is also incorrect for the Majority to add the words "bad faith" to the Act as a condition precedent to punishing employers who in good faith hire minors. In Section 320,[2] the General Assembly has determined that rendering employers strictly liable for the additional 50% compensation effectuated a more certain protection of minors than to establish the reasonableness standard which the Majority today imposes. *See Baehr v. Commonwealth ex rel. Lower Merion Township*, 51 Pa.Cmwlth. 241, 244–246, 414 A.2d 415, 417 (1980)("[t]he reasons for sustaining legislation which makes certain acts crimes and punishable as such without regard to defendant's motive, intent, reasonableness or good faith, are ... (1) To require a degree of diligence for the protection of the public and (2) convenience of enforcement."). Giving effect to the plain language of Section 320 so as to hold employers strictly liable simply does not frustrate the purpose of protecting minors. Indeed, holding employers strictly liable promotes a degree of diligence for the protection of minors. That this is so was long ago recognized by our Supreme Court in a context remarkably similar to the instant one.

In *Krutlies v. Bulls Head Coal Co.*, 249 Pa. 162, 94 A. 459 (1915), an employer hired a minor who misrepresented his age and the minor was injured. The minor sued for damages and the employer raised the defense that the minor deceived the employer by providing a paper falsely certifying the minor's age. The relevant statute at issue in *Krutlies* prohibited the employment of a minor less than 16 years in certain jobs including the job which the minor plaintiff in *Krutlies* was hired to perform. The employer argued that it was deceived by the minor's misrepresentation and therefore the employer should not be held liable. In rejecting the employer's deception defense, the Supreme Court held that

> the act does not provide that employers shall not knowingly take into their service a minor under the prohibited age;

---

**2.** Although the Majority acknowledges the purposes of Section 320 as being both deterrence **and** punishment, Majority op. at pp. 81 and 82, the Majority only focuses on the effect upon the employer when it relies upon the punishment element to justify its result. See Majority op. at pp. 82–83. If the purpose of Section 320 were **solely** to punish, then it would make sense to punish an employer violating the Act more effectively than merely adding another tax deductible "wage expense" to its accounting statement by providing a criminal penalty, punitive damages, and an action at law in addition to the compensation of 150% provided by the Act. To the extent that deterrence is also a purpose of Section 320, then imposition of strict liability makes sense and does not frustrate that purpose of Section 320. Knowing that one may be held strictly liable can be a strong incentive to take extraordinary measures to assure compliance with Section 320 and thus deter violations of Section 320 and thereby assure a greater degree of diligence for the protection of minors. Thus, the Majority's opinion fails to persuade given its acknowledgement that deterrence is one of the purposes of Section 320 and its consequent failure to explain how strict liability frustrates that purpose even if strict liability otherwise frustrates the other purpose of punishment. Because strict liability effectuates at least one of the purposes of Section 320, we ought not impose a reasonableness standard where the General Assembly has not done so.

on the contrary, its provision is (section 3):

> 'That no minor under the age of sixteen years shall be employed * * * unless the employer of such minor procures and keeps on file * * * the employment certificate. * * * '

This act was avowedly passed, as shown by its title, 'to provide for the health and safety of minors,' and it calls for a construction that will 'best effectuate the purpose of its enactment.' So far as civil liability is concerned..., if the statute is violated, the question is not whether the defendant exercised reasonable care in an effort to comply with the act, but, where compliance is possible, it is the only justification which the law will accept.

*Krutlies*, 249 Pa. at 170–171, 94 A. at 462 (citations omitted). As in *Krutlies*, so also here, Section 320 does not provide that compensation shall be paid only where a minor is knowingly employed or even reasonably and in good faith employed. Rather, Section 320, like the act at issue in *Krutlies* makes the fact of employment in contravention of the laws of this Commonwealth, the basis upon which to hold employers liable. For the same reasons that the employer was held liable in *Krutlies*, it is proper to hold the Employer herein liable for the additional 50% compensation when a simple request for a work permit would comply with the law.

The Majority attempts to distinguish *Krutlies* from the instant case on the basis that *Krutlies* involved a "negligence case seeking compensatory damages for injuries where the minor plaintiff's deceit did not negate the employer's negligence...." Majority op. at 80–81. This distinction is unavailing. Nothing in the principle announced in *Krutlies*, to wit, where the language of the statute promoting public safety does not provide a scienter element, none will be imposed, requires that it not be applied in workers' compensation cases but instead that it be applied only in negligence cases. Nor does the Majority explain why such a factual distinction should have the legal effect of requiring the *Krutlies* rule to not apply in workers' compensation cases.[3] The Majority's attempt to distinguish *Krutlies* is simply unpersuasive. Nor does the Majority's assertion that the "facts [of *Krutlies*] clearly manifested that the employer must have been aware of its blatant violation of the child labor laws" serve as a legally significant distinction so as to render *Krutlies* inapplicable herein. Majority op. at 81. The principle of *Krutlies* itself renders this a distinction without a difference. The *Krutlies* principle states that **regardless of the knowledge of employer**, the employer may be held liable for violating laws intended to protect minors. Thus, it mattered not whether the employer in *Krutlies* knew or should have known of the minor's age, just as it does not matter here whether or not the minor knew her age. The Act was designed to protect children from the weaknesses and indiscretions inherent in their immaturity.

The Majority ignores the plain language of Section 320 and instead imposes on that language a scienter requirement not present there. The Majority does so purportedly to effectuate the Majority's perceived purpose of Section 320, namely, punishing employers. **As a practical matter, however, the Majority has now rendered ineffective a statute originally designed to protect minor children from their indiscretions generally tolerated because of their immaturity, to wit, the Child Labor Law, which was incorporated into the Workers' Compensation Act, that was designed to protect employees in the workplace.** The statute has now been emasculated to such an extent that the minor child has a practically impossible burden of proving that the employer knew

---

**3.** *Krutlies* was decided on April 15, 1915 48 days before the first Workers' Compensation Act had yet to be enacted, i.e., June 2, 1915.

that the employee was a minor child working illegally. Scienter on the part of the employer is easy to require but difficult to prove especially in Workers' Compensation cases. How can a minor ever prove that the employer knew the employment was illegal? Yet the Majority would place the burden of proving scienter on the minor when the Act grants total immunity and completely protects the employer from all penalty if the employer merely requires a youthful job applicant to go to a school district and obtain an employment certificate.[4] Such a certificate furnished prior to employment provides employer at no cost to employer with complete immunity from the Child Labor Law protections penalty of the Act.[5] Otherwise, employer acts at its peril.

Because the Majority fails to give effect to the plain language of Section 320 and because the Majority fails to appreciate that the purpose of Section 320 is to protect minors, which purpose the General Assembly reasonably deemed to be advanced by not including a scienter requirement, I am compelled to dissent.

Judge PELLEGRINI joins in this dissenting opinion.

---

4. *Section 320(e) of the Act provides that*

Possession of an employment certificate, duly issued and transmitted to the employer in accordance with the provisions of the child labor law and receipt thereof duly acknowledged by him, shall be conclusive evidence to such employer of his legal right to employ the minor for whose employment such certificate has been issued.

5. *Section 320(f) of the Act provides that*

The possession of an age certificate, duly issued and transmitted to the employer by the school authorities of the school district in which a minor resides, shall be conclusive evidence to the employer of the minor's age as certified therein.