IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Stanley,                       :

                Petitioner   :  No. 1234 C.D. 2022

                                :  Submitted: May 19, 2023

          v.                 :

                                :

Department of Transportation      :

(Workers' Compensation Appeal    :

Board),                       :

              Respondent   :


BEFORE:    HONORABLE ANNE E. COVEY, Judge

                HONORABLE MICHAEL H. WOJCIK, Judge

                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                       FILED: January 11, 2024


Keith Stanley (Claimant) petitions for review of the October 12, 2022 order of the Workers' Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ) April 26, 2022 order granting the Department of Transportation's (Employer) Petition to Modify Compensation Benefits (Modification Petition) filed under the Workers' Compensation Act (Act).[1] Claimant presents several constitutional issues for this Court's consideration. Upon review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

## I. Factual and Procedural Background

On August 22, 2017, Claimant injured his back in the course and scope of his employment. On September 13, 2017, Employer issued an Amended Notice of Compensation Payable (NCP), acknowledging Claimant's injury as a contusion to the lower back area. As of August 24, 2017, Claimant began receiving temporary total disability (TTD) benefits based on his average weekly wage.

On October 3, 2019, after Claimant received TTD for over 104 weeks, Employer requested the Bureau of Workers' Compensation (Bureau) designate a physician to perform an Impairment Rating Evaluation (IRE) of Claimant. Reproduced Record (R.R.) at 136a. The Bureau designated Dr. Scott Naftulin (Dr. Naftulin) to perform the evaluation. *Id*. On May 5, 2020, the Bureau issued a notice the IRE would take place July 6, 2020. *Id*. Claimant did not attend the scheduled IRE and on July 7, 2020, Employer filed a Physical Examination Petition. On May 10, 2021, the WCJ granted Employer's Physical Examination Petition and ordered Claimant to attend an IRE "to be scheduled by [Employer] upon request pursuant to the Act." *Id*. at 140a.

On June 7, 2021, Dr. Naftulin performed an IRE of Claimant and opined Claimant's full body impairment was 21%. *Id*. at 176a. Based on the results of the IRE, Employer filed a Modification Petition seeking to change Claimant's benefits from TTD to temporary partial disability (TPD).

The WCJ granted Employer's Modification Petition, and on appeal, the Board affirmed. Claimant now seeks review in this Court. Claimant raises several issues on appeal, all of which challenge the constitutionality of Act 111.[2] First, Claimant asserts Act 111 is an unconstitutional delegation of legislative authority. Next, he claims Act 111 should not apply to his injury, which occurred before Act 111's enactment.

---

[2] Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

Finally, Claimant argues Act 111 violates his vested right to be free of the IRE process, a process Claimant believes is unconstitutional.

## II.    Discussion

This Court reviews workers' compensation orders for violations of the petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law.  2 Pa.C.S. § 704.  Claimant does not argue the Board made any particular error when it affirmed the WCJ's decision and order.  Instead, Claimant raises constitutional issues.  As the Board noted, "[a]ppellate review by the Board does not include constitutional issues."  Bd. Op. at 3 (citing *Ligonier Tavern, Inc. v. Workers' Comp. Appeal Bd. (Walker)*, 714 A.2d 1008 (Pa. 1998)).

After this Court, affirmed by the Pennsylvania Supreme Court, declared the IRE provision in former Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, formerly 77 P.S. § 511.2, repealed by Act 111, an unconstitutional delegation of legislative authority, the General Assembly enacted Act 111.  Act 111 repealed the unconstitutional IRE provision and replaced it with a new IRE provision, Section 306(a.3), 77 P.S, § 511.3.[3]  Since its enactment, Courts in Pennsylvania have addressed and rejected many challenges to the constitutionality of Act 111.

---

[3] Section 306(a.3)(1) of the Act, added by Act 111, provides:

> When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred and four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred and four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties-approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the American Medical

**(Footnote continued on next page…)**

Claimant's first argument is that Act 111 is an unconstitutional delegation of legislative authority. However, this Court in *Pennsylvania AFL-CIO v. Commonwealth*, 16 A.3d 306 (Pa. Cmwlth. 2019), concluded Act 111 is not an unconstitutional delegation of legislative authority, which Claimant acknowledged in his brief. *See* Claimant's Br. at 16 n.1. In *Pennsylvania AFL-CIO*, we explained:

> The non-delegation doctrine does not prohibit the General Assembly from "adopting as its own a particular set of standards . . . ." [T]he General Assembly is exercising its legislative and policy making authority by deciding that it is those particular standards that will become the law of this Commonwealth. **It is not delegating its authority to legislate**. The General Assembly made a policy decision regarding the standards that will apply to IREs in the Commonwealth going forward.

*Pennsylvania AFL-CIO*, 219 A.3d at 316 (emphasis added). Given the clear holding in *Pennsylvania AFL-CIO* that Act 111 is not an unconstitutional delegation of legislative authority, we conclude the Act did not violate Claimant's constitutional rights.

Claimant next asserts Act 111 should not apply to his injury, which occurred before Act 111's enactment. In *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), this Court held Act 111 could apply to injuries occurring before its enactment. In *Pierson*, we explained:

> While [the claimant], here, argues that he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for

---

Association "Guides to the Evaluation of Permanent Impairment," 6th edition (second printing April 2009).

77 P.S. § 511.3(1).

4

them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of TTD benefits.

*Pierson*, 252 A.3d at 1179.

Here, Claimant's injury occurred in 2017, Act 111 became effective in 2018, and Dr. Naftulin performed the IRE of Claimant in 2020. As in *Pierson*, Claimant's injury occurred before the enactment of Act 111. This Court held Act 111 and its IRE provisions applied in *Pierson*. We conclude they also apply to Claimant in this case, and there is no violation of Claimant's constitutional rights.

Lastly, Claimant argues Act 111 violates his vested right to be free of the IRE process. A vested right is a right that "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." *Pierson*, 252 A.3d at 1179 (citation omitted). It is "something more than a mere expectation based upon an anticipated continuance of existing law." *Bible v. Dep't of Lab. & Indus.*, 696 A.2d 1149, 1155 (Pa. 1997) (citation omitted). Our Supreme Court struck former Section 306(a.2) of the Act in its entirety, after finding the General Assembly unconstitutionally delegated its lawmaking authority in violation of the non-delegation doctrine of the Pennsylvania Constitution. *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827 (Pa. 2017) (*Protz II*). The Supreme Court did not hold the IRE process, itself, was unconstitutional. Following *Protz II*, the General Assembly repealed Section 306(a.2) of the Act and reestablished the IRE process by replacing it with Section 306(a.3). As we explained in *Pennsylvania AFL-CIO*, "[t]he General Assembly made a policy decision regarding the standards that will apply to IREs in the Commonwealth going forward." *Pennsylvania AFL-CIO*, 219 A.3d at 316. The IRE provides employers with the means to change a claimant's disability status

5

based upon medical evidence. There is no vested right for an individual to be free of the IRE process when receiving benefits under the Act. Claimant's IRE was performed pursuant to the standards then in effect and the process did not violate any vested or constitutional right of Claimant.

Claimant's challenges to the constitutionality of Act 111 do not succeed, and we affirm the Board.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Stanley,                              :
                        Petitioner   :  No.  1234 C.D. 2022
                                            :
            v.                              :
                                            :
Department of Transportation         :
(Workers' Compensation Appeal        :
Board),                                     :
                        Respondent   :

# **O R D E R**

    **AND NOW**, this 11th day of January 2024, the October 12, 2022 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

_____
STACY WALLACE, Judge