IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph C. Hazzouri,        :
                                 :
            Petitioner    :
                                 :
           v.            : No. 889 C.D. 2021
                                 : Submitted: March 4, 2022
Pennsylvania Turnpike Commission    :
(Workers' Compensation Appeal      :
Board),                           :
                                 :
           Respondent : 


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                             FILED: April 28, 2022


        Joseph C. Hazzouri (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) granting the Pennsylvania Turnpike Commission's (Employer) Modification Petition based on an Impairment Rating Evaluation (IRE), and modifying Claimant's indemnity benefits from total to partial disability. Claimant challenges as unconstitutional the retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3) of the Workers' Compensation Act (Act),[1] altering the criteria for determining whether a claimant's disability is total

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

or partial and providing that an impairment rating of less than 35% constitutes a partial disability. Claimant maintains that Act 111 cannot be constitutionally applied to workers whose injuries occurred before October 24, 2018, the effective date of Act 111. Upon review, we affirm.

## I. Background

The facts are not in dispute. On October 3, 2010, Claimant sustained a work-related injury to his back while lifting a dead bear off the road in the course and scope of his employment. Employer accepted liability for the injury by issuing a Notice of Compensation Payable. Claimant initially underwent conservative care for his injury, including injections and chiropractic treatments and physical therapy, and later underwent spinal fusion surgery and implantation of a permanent spinal cord stimulator and pain pump.

On May 20, 2019, Employer filed a Modification Petition based upon an IRE performed on April 22, 2019.[2] The IRE yielded an impairment rating of less than 35%. Claimant filed an Answer in response denying the material allegations.

By decision and order circulated on November 25, 2020, the WCJ granted Employer's Modification Petition. The WCJ concluded that Employer had met its burden of proving that Claimant had an impairment rating of less than 35% based upon the IRE of Arnold T. Berman, M.D. Consequently, the WCJ modified Claimant's disability status from temporary total disability to partial disability benefits effective April 22, 2019, the date of the IRE, and ongoing.

---

[2] On August 23, 2019, Employer filed a second Modification Petition asserting that Claimant had been released to return to work following an Independent Medical Examination and a Labor Market Survey (LMS) that revealed available jobs as of July 12, 2018. The WCJ denied Employer's Modification Petition. The denial of this Modification Petition is not at issue on appeal.

Claimant appealed to the Board. Claimant argued that the IRE was prematurely conducted because Employer had not paid 104 weeks of total disability as of the date Act 111 went into effect on October 24, 2018. Claimant also challenged the retroactive application of Act 111's IRE provisions to Claimant's work injury as unconstitutional under article I, section 11 of the Pennsylvania Constitution, Pa. Const. art. I, §11 (Remedies Clause),[3] as well as the "separation of powers" doctrine by impermissibly intruding upon the constitutional authority of the Pennsylvania Supreme Court to rule on the constitutionality of legislative action under *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). The Board explained that, as an administrative agency, it lacks authority to declare a statute unconstitutional. Board Op., 07/21/21, at 4 (citing *Ligonier Tavern, Inc. v. Workmen's Compensation Appeal Board (Walker)*, 714 A.2d 1008, 1009 n.7 (Pa. 1998); *Ruszin v. Department of Labor & Industry, Bureau of Workers' Compensation*, 675 A.2d 366, 370 (Pa. Cmwlth. 1996)). Nevertheless, the Board opined that this Court has previously interpreted Act 111's retroactivity clause to permit employers to receive a credit for all weeks of total disability paid before October 24, 2018, and to count those weeks towards the 104 weeks required before obtaining an IRE. Board Op., at 3-4. (citing *Rose Corp. v. Workers'*

---

[3] The Remedies Clause states:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

Pa. Const. art. I, §11.

3

*Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020)).  Thus, the Board affirmed.  Claimant's appeal to this Court now follows.[4]

## II. Issue

Claimant argues that Act 111's IRE mechanism cannot be applied retroactively to him without impairing his vested rights in violation of the Remedies Clause.  The Pennsylvania Supreme Court declared the IRE process contained in former Section 306(a.2) of the Act[5] wholly unconstitutional in *Protz*.  According to Claimant, the right to receive workers' compensation total disability benefits, without interruption or limitation, is a substantive benefit established on the date of injury.  The retroactive application of Act 111 negatively impacts his vested right to unimpaired total disability benefits by changing his disability status from total to partial and limiting the number of claim weeks to which he is entitled.  Act 111 provides credit for past partial disability benefits paid pursuant to the previously unconstitutional IRE provisions contained in former Section 306(a.2) of the Act.  Because Act 111 was passed after Claimant's work injury, and does not contain sufficiently specific or clear language evidencing retroactive intent, Act 111's IRE mechanism cannot be retroactively applied to extinguish his vested right to benefits without violating the Remedies Clause.  Therefore, this Court should hold that Act 111 is only applicable to injuries that occur on or after October 24, 2018, Act 111's

---

[4] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated.  *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).  As to questions of law, our standard of review is *de novo* and our scope of review is plenary.  *Pitt-Ohio Express v. Workers' Compensation Appeal Board (Wolff)*, 912 A.2d 206, 207 (Pa. 2006).

[5] Added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, repealed by Act 111.

4

effective date. Because Claimant's injury predates Act 111 and 104 weeks had not passed since Act 111 went into effect, the decision to grant Employer's Modification Petition must be reversed.

## III. Discussion

On October 24, 2018, the General Assembly enacted Act 111, which immediately went into effect. Act 111 repealed Section 306(a.2), *formerly* 77 P.S. §511.2, and added Section 306(a.3) of the Act, 77 P.S. §511.3. Section 306(a.3) reestablished the IRE process in a manner intended to cure the constitutional deficiency identified in *Protz*.[6] Act 111 largely reenacted the IRE provisions held unconstitutional in *Protz* but, to cure the constitutional infirmity, Act 111 specified that an IRE must utilize the American Medical Association (AMA) "Guides to the Evaluation of Permanent Impairment," Sixth Edition (second printing April 2009) (Sixth Edition of the AMA Guides).[7] Notably, Section 306(a.3)(2) of the Act lowered the threshold percentage of impairment below which a claimant's disability status could be modified from 50%, under former Section 306(a.2)(2) of the Act, to 35%. 77 P.S. §511.3(2). If an IRE yields an impairment rating that is

---

[6] In *Protz*, the Pennsylvania Supreme Court held that the IRE provisions contained in former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2, violated the nondelegation doctrine of the Pennsylvania Constitution and struck the entirety of former Section 306(a.2) as unconstitutional. *Protz*, 161 A.3d at 841. Under former Section 306(a.2), a physician conducting an IRE was to use the "most recent edition" of the American Medical Association (AMA) "Guides to the Evaluation of Permanent Impairment" (AMA Guides). *Protz*, 161 A.3d at 830. The *Protz* Court held that this amounted to an unconstitutional delegation to the AMA of the General Assembly's lawmaking power in that the AMA could revise the standards for determining impairment at any time with unfettered discretion. *Id.* at 841.

[7] In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd per curiam* (Pa., No. 88 MAP 2019, filed August 18, 2020), we determined that Act 111 was not an unconstitutional delegation of legislative authority because the General Assembly adopted a particular set of standards in existence as its own – the Sixth Edition of the AMA Guides.

greater than or equal to 35%, the claimant is presumed totally disabled. *Id.* However, if the IRE yields an impairment rating that is less than 35%, then the claimant is considered partially disabled. *Id.* Under Section 306(b)(1) of the Act, a claimant's receipt of partial disability benefits is limited to 500 weeks. 77 P.S. §512(b)(1).

The question before us is whether the retroactive application of Act 111's IRE mechanism to injuries occurring before its effective date is unconstitutional. "We have long held that 'statutes are to be construed to operate prospectively,' absent clear language to the contrary." *County of Allegheny v. Workers' Compensation Appeal Board (Butkus)*, 253 A.3d 1232, 1237 (Pa. Cmwlth. 2021) (quoting *City of Warren v. Workers' Compensation Appeal Board (Haines by Haines)*, 156 A.3d 371, 376 (Pa. Cmwlth. 2017)); *see* Section 1926 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1926 ("No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.").

As this Court has explained, a retroactive law is

> one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired . . . . A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence.

*Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599, 616 (Pa. Cmwlth. 2018) (quoting *Department of Labor & Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980)). "[T]he Remedies Clause prohibits the enactment of retroactive legislation if the application . . . would extinguish a vested right." *Konidaris v. Portnoff Law Associates, Ltd.*, 953 A.2d 1231, 1235 (Pa. 2008). However, where no vested right is involved, an act is not retroactively

6

construed when it is simply applied to a condition existing on its effective date. *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co. LLC)*, 252 A.3d 1169, 1175 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021) (citing *Warren v. Folk*, 886 A.2d 305, 308 (Pa. Super. 2005)). Legislation that only affects procedure may be applied retroactively. *Id.*; *Rose Corp.*, 238 A.3d at 559.

In *Rose Corp.*, this Court concluded that Act 111 applies to injuries that occurred before its October 24, 2018 effective date, but not to IREs performed prior thereto. 238 A.3d at 561. Further, under Act 111, "employers/insurers are given credit for weeks of total and/or partial compensation benefits paid *prior* to Act 111's enactment." *Id.* (emphasis in original). Because the claimant in *Rose Corp.* had already received 104 weeks of total disability benefits, we concluded that the employer could seek a new IRE and would be entitled to receive credit for the 104 weeks of total disability it previously paid to the claimant under Act 111. *Id.* at 563.

Following *Rose Corp.*, we considered and rejected similar contentions as those raised here. In *Pierson*, the claimant argued that applying Act 111 to injuries predating its enactment would impair a claimant's vested rights. *Pierson*, 252 A.3d at 1175. More particularly, the claimant argued that Section 306(a.3) of the Act could not be applied retroactively to affect the 500 weeks of benefits payable for partial disability by giving the employer credit for payments made prior to Act 111's enactment. *Id.* In rejecting the claimant's vested rights argument, we observed that "there are reasonable expectations under the Act that benefits may change." *Id.* at 1177. A claimant retains a certain right to benefits until such time as he or she is found ineligible for them. *Id.* Indeed, benefits are subject to change at any time based upon a change in medical status or earning capacity. Section 423 of the Act, 77 P.S. §772.

7

The *Pierson* Court opined that "the General Assembly made it clear in Act 111 that weeks of [total temporary disability (TTD)] and partial disability paid by an employer/insurer prior to the enactment of Act 111 count as credit against an employer's new obligations under Act 111." *Pierson*, 252 A.3d at 1179 (citing *Rose Corp.*, 238 A.3d at 561). "'For the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the Act, [77 P.S. §511.3(7),] an insurer shall be given credit for weeks of partial disability compensation paid *prior to the effective date of this paragraph*.'" *Pierson*, 252 A.3d at 1174 (quoting 77 P.S. §511.3, Historical and Statutory Notes) (emphasis added). "[I]t is clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect, where . . . it stated in plain language it was doing so." *Id.* at 1180 (citing *Rose Corp.*).

We further explained that Act 111 did not affect the claimant's vested rights because it did not impose new legal burdens on a past transaction or occurrence or otherwise change the status of a claimant's workers' compensation benefits. *Pierson*, 252 A.3d at 1179. Rather, it merely established a means for an employer to seek a modification of a claimant's benefits going forward. *Id.* Specifically, "Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of TTD benefits." *Id.*

We have consistently applied *Rose Corp.* and *Pierson* under similar circumstances. *See Hender-Moody v. American Heritage Federal Credit Union (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 166 C.D. 2021, filed

8

February 15, 2022)[8] (noting Act 111's IRE mechanisms can only *apply* after an employee has received 104 weeks of total disability benefits, which clearly contemplates application to injuries predating Act 111, and holding that where the IRE occurs *after* the enactment of Act 111, it does not constitute a retroactive application of the law); *Dohn v. Beck N' Call (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 103 C.D. 2021, filed September 20, 2021) (similarly holding that retroactive application of Act 111 is not unconstitutional where substantive rights were not involved); *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)* (Pa. Cmwlth., Nos. 16 & 17 C.D. 2021, filed August 9, 2021) (same); *cf. Butkus*, 253 A.3d at 1237 (limiting retroactivity where Act 111 effected substantive changes in law and concluding that the General Assembly did not intend the 60-day statutory limitations period for challenging disability status modifications to apply retroactively).

Contrary to Claimant's assertions, Act 111 did not automatically change his disability status or otherwise deprive him of vested rights under the Act. Rather, Act 111 simply provided a mechanism for Employer to pursue a change in Claimant's disability status by requiring medical evidence that Claimant's whole-body impairment was less than 35%. Because Claimant's IRE occurred *after* the enactment of Act 111, it did not constitute a retroactive application of the law. Because Claimant already received 104 weeks of total disability benefits, Employer was permitted, under Section 306(a.3)(1), to seek a new IRE, a modification based on its results, and a credit for disability benefits paid. *See Pierson*, 252 A.3d at 1179; *Rose Corp.*, 238 A.3d at 563.

---

[8] Pursuant to Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a), unreported panel decisions of this Court filed after January 15, 2008, may be cited for their persuasive value.

Because our analysis in *Rose Corp.* and *Pierson* are directly applicable and controlling here, and because "we are bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated," *Crocker v. Workers' Compensation Appeal Board (Georgia Pacific LLC)*, 225 A.3d 1201, 1210 (Pa. Cmwlth. 2020), we reject Claimant's constitutional challenges to Act 111.

## IV. Conclusion

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph C. Hazzouri,           :
                                       :
                  Petitioner   :
                                         :
              v.                : No. 889 C.D. 2021
                                         :
Pennsylvania Turnpike Commission  :
(Workers' Compensation Appeal    :
Board),                         :
                                         :
               Respondent : 

# **O R D E R**

AND NOW, this 28th day of April, 2022, the order of the Workers' Compensation Appeal Board dated July 21, 2021, is AFFIRMED.

                                            _____

                                            MICHAEL H. WOJCIK, Judge